## G. N. HOFFSTOT v. L. H. VOIGHT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1891—Decided January 4, 1892.

1. The regulation of party-walls, as it exists in this and most other states, is an interference with the rights and enjoyment of property sustainable only on the police power ; and therefore, to be governed and measured by the rule of strict construction, and kept strictly within the limits of the statutory provisions on the subject: Per Mr. Justice MITCHELL.

2. Under the act of April 8, 1872, P. L. 986, when an existing party wall in the city of Pittsburgh is torn down and replaced, solely because it is unsuited for a new building to be erected by one of the adjoining owners, the other cannot be compelled to contribute to the cost of the new

Statement of Facts.

wall, so long as he makes no use of it different from his use of the old one.

3. The supporting of the beams of his pre-existing building in the new wall, in the same manner and to the same extent that they were supported in the old, is not a new use, but a continuance of the old use. And when he begins to make a new use of the new wall, his liability is for his proportion of the cost of so much of the wall only as he uses, not of the whole.

4. That the party erecting such new wall changed its plan and size, thus to some extent increasing its cost, at the request or suggestion of the adjoining owner, made with a view to the probable future use of the wall, and unaccompanied by any promise to pay at an earlier time than that fixed by law, will not alter the legal rights and liabilities of the parties.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 249 October Term 1891, Sup. Ct.; court below, No. 568 December Term 1886, C. P. No. 1.

To the number and term stated of the court below, G. N. Hoffstot brought an action of debt against L. H. Voight, to recover the one half of the cost of erecting a party-wall on the line between properties owned by the plaintiff and the defendant respectively. Issue.

At the trial, on February 13, 1890, the following facts were shown :

The act of April 8, 1872, P. L. 986, regulating party-walls in the city of Pittsburgh, prescribes, in §§ 1–3, the proceedings to be taken when the owner of any lot desires to erect a building with a party-wall to be used in common with the owner or owners of an adjoining lot, providing inter alia that the building inspector shall determine how such wall shall be placed, and what proportion of the cost shall be paid by the adjoining owner.

" Section 4. The owner or owners of said adjoining lot, his or their heirs or assigns or lessees, shall not use said party-wall by building into or against it, or by in any way using it for any new building or structure, until he or they shall have paid to the first builder or builders, his heirs or assigns, the proportion of the cost of said wall, as fixed by said building inspector, or of so much of it as he may desire to use."

Section 5 provides that, whenever any existing party-wall shall become impaired in whole or in part, or shall be unfit or unsafe for the purpose of erecting a new building, and the owners of said wall or any of them shall desire to have it repaired, or to have it torn down and a new wall erected for the purpose of then erecting a new building, the building inspector shall, on application after notice to the parties, examine it and determine what alterations or repairs shall be made, and whether the wall or any part thereof shall be torn down and a new one erected, for the purpose of new buildings which either party may then desire to erect, and in what proportion the cost of repairing or of tearing down part or the whole of the old wall, and the erection of part or whole of a new wall shall be borne by the respective owners of said lots, and such decisions shall be conclusive upon all parties.

" Section 6. It shall be the duty of any court of Allegheny county, having equity jurisdiction, on application to them made, to enjoin and restrain any subsequent builder on the adjoining lot from cutting or breaking into, or using said new party-wall, or any part of the same, until he or they shall have first paid to the first builder his or their fair proportion of the cost of said party-wall, or of the cost of in whole or in part tearing down the old wall, or in whole or in part erecting a new party-wall, as said proportion may have been ascertained by the city building inspector, as hereinbefore provided."

The plaintiff and the defendant were the respective owners of adjoining buildings situated on Liberty street, Pittsburgh, between which was a party-wall. The plaintiff desired to erect a new building on his lot, and applied to the building inspector to examine said party-wall, and determine what repairing or replacing thereof was necessary for the purpose of such new building. After notice to both the plaintiff and the defendant, the building inspector examined the wall, and directed that it be torn down and a new one erected in its place. The defendant, who was present, thereupon requested or suggested that the new wall be made to correspond, in the depth of the foundation, with a party-wall that had been erected on the opposite side of defendant's lot. This would make the foundation start two feet lower down than the original plan of the plaintiff contemplated.

Charge of Court below.

The plaintiff acceded to the suggestion, and the building inspector made an award accordingly. The plaintiff proceeded to tear down the old wall, and erected the new wall so that one half thereof stood upon his own lot, and the other half upon the defendant's lot, the line between the two lots having been surveyed and marked by the city engineer. The building inspector then made an award, not printed in the paper-books, the substance of which was stated to be, that the cost of said new party-wall was valued at $4,979.42, and that the defendant should pay to the plaintiff one half thereof, to wit, " the sum of $2,489.71 as follows : $1,625.71 to be paid immediately, being for that portion of such new wall now used by the defendant, and the further sum of $864, to be paid when the remainder of said wall is used by defendant's property."

The court refused to admit this award as evidence of the cost of the wall, and required the plaintiff to prove the actual cost by testimony, which was done.

At the close of the testimony, the court, Stowe, P. J., charged the jury as follows :

The defendant prays the court to instruct the jury as follows :

1. There is no evidence in this case that the defendant used the party-wall, erected by plaintiff, by building into or against it, or in any way using it for any new building or structure; therefore defendant is not liable in this action, and the plaintiff cannot recover.

Answer : Refused.[1]

2. The act of assembly of April 8, 1872, P. L. 986, imposes no duty or liability upon the owner of an adjoining lot, to pay a moiety or any other portion of the cost of a party-wall erected by the owner of the other adjoining lot, until the former shall use said wall by building into or against it, or in some way using it for a new building or structure; and, in case of such uses, he is bound to pay for only so much of it as he may desire to use or does use.

Answer : Refused.[2]

[Gentlemen of the jury : You are instructed to return a verdict for the plaintiff for one half of the cost of the wall, with interest from October 27, 1886.] [3]

The jury returned a verdict for the plaintiff for $2,965.86. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1, 2. The refusal of defendant's points.[1] [2]

3. The instruction embraced in [ ] [3]

*Mr. A. M. Brown* (with him *Mr. John S. Lambie*), for the appellant.

*Mr. W. F. McCook*, for the appellee.

OPINION, MR. JUSTICE MITCHELL:

The regulation of party-walls is a very ancient form of exercise of the police power, and came to Pennsylvania from the customs of London, like so many other parts of our early law. Those interested will find the subject discussed in a note to Bloch v. Isham, 7 Amer. L. Reg., N. S., 10. But such regulation, as it exists in this and most others states, is an interference with the rights and enjoyment of property, sustainable only on the police power, and therefore to be governed and measured by the strict extent of the statutory grant.

The plaintiff's right to recover in this action, therefore, must clearly appear in the provisions of the act of April 8, 1872, P. L. 986. Section 5 of that act, providing for tearing down and replacing an existing party-wall, which is unsuited for a new building about to be erected, is the one under authority of which plaintiff proceeded; but that section does not determine when contribution from the adjoining owner shall be due, and to ascertain this we must turn to § 4, which provides that the adjoining owner "shall not use said party-wall by building into or against it, or by in any way using it for any new building or structure, until he shall have paid," etc. This provides for two contingencies: First, a new wall where none was before, which cannot be used at all till payment; and, secondly, a new wall replacing an old one, of which no new use can be made without paying. If the old wall is sufficient for the old use, and the new one is built solely to accommodate a new use, the adjoining owner who merely continues the old use cannot be called upon to contribute for his neighbor's improvement. The statute does not make him in any way liable to pay until he be-

Opinion of the Court.

gins himself to make a new use of the new wall, and his liability even then is for his proportion of so much of the wall only as he uses. Thus, if the wall is one hundred feet high, as modern buildings not unfrequently are, and the adjoining owner only desires to use forty feet of it, he is only liable for four tenths of one half the cost of the wall, and he cannot be called upon to pay that till he begins to make actual use of it. This is the plain language of the statute, and it is the fair and just rule. It is, moreover, in accordance with the construction always given to the act of 1721,* regulating party-walls in Philadelphia, and thus keeps the laws in the two great cities of the commonwealth in harmony.

The replacing of defendant's beams and supporting them in the new wall, in the same manner and to the same extent that they had been supported in the old, was not a new use, but a continuance of the old. The only change made was for plaintiff's benefit, and at his instance.

There is nothing in the testimony about the change in the plan and size of the wall upon defendant's request, to call for a different rule in this case. The change was of no present advantage to defendant, nor did he make any promise to pay at an earlier day than the law fixed. It was a mere suggestion on his part, looking to the probable future use of the wall; and it was apparently accepted by the plaintiff and the building inspector as wise and proper, in view of such future use. There was nothing in it to vary the present legal position of the parties. Both of defendant's points should have been affirmed.

Judgment reversed.

---

* Act of February 24, 1721, 1 Sm. L. 125.