# German National Bank *v.* Mellor, et al., Appellants.

*Party walls—Use—Contribution—Act of April 8, 1872, P. L. 986.*

1. The Act of April 8, 1872, P. L. 986, providing that the owner of an adjoining lot cannot use a party wall by building into or against it until he shall have paid a proportionate part of the cost of the wall to the first builder, his heirs or assigns, provides for two contingencies: first, the erection of a new wall, where there was none, which cannot be used at all until payment, and, second, the erection of a new wall to replace an old one, of which no new use can be made without payment. If, however, the old wall was sufficient for the old use, and the new wall is not subjected to any new use by the adjoining owner, but only to the continuance of the old use, he cannot be called upon for contribution. The statute does not make him liable until he begins to make a new use of the wall. Reasonable test of what is a new use is whether it is a use that could not have been made of the old wall.

2. In an action to recover contribution for the cost of a party wall, defendant will not be required to contribute where it appears that plaintiff in the erection of a large building removed a party wall which was on the line between his property and defendant's property and erected a new wall to answer the requirements of his building, that the joists of the existing building on the defendant's lot were inserted into the new party wall the same as they had been in the old wall and that later defendants remodeled their building and made use of the party wall, it being shown by the testimony that in the remodeling of their building the defendants made no new use of the party wall such as contemplated by the Act of April 8, 1872, P. L. 986.

Argued Oct. 24, 1912. Appeal, No. 115, Oct. T, 1912, by Walter C. Mellor, George E. Mellor and Charles A. Dickson, Executors, &c., and Laura Mellor, from decree of C. P. No. 4, Allegheny Co., Second T., 1911, No. 513, directing a payment in case of German National Bank v. Walter C. Mellor, George E. Mellor and Charles A. Dickson, Executors and Trustees under the last Will and Testament of C. C. Mellor, deceased, Laura Mellor, and Reinforced Concrete Construction Company. Before

416 GERMAN NAT. BANK *v.* MELLOR, et al., Appellants.

Statement of Facts—Opinion of the. Court.    [238 Pa.

FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Reversed.

Bill in equity to enjoin the use of a party wall and enforce payment of a portion of the cost thereof.   Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

A preliminary injunction was awarded restraining the defendants from using plaintiff's party wall, without payment, which was afterwards dissolved upon the filing of a bond.   The court entered a decree adjudging that defendants (with the exception of the Reinforced Concrete Construction Company) should pay the plaintiff $3,017.75.   Defendants appealed.

*Error assigned* was the decree of the court.

*David E. Mitchell,* with him *Alvin C. Spindler,* for appellants.

*John D. Brown,* with him *John E. Winner,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 6, 1913 :

A preliminary injunction restraining the defendants from breaking into or using a party wall without payment of a proportionate part of the cost thereof was dissolved upon the filing of a bond.   A stipulation was filed fixing the amount of defendants' liability, if any existed, and at the hearing on bill, answer and proofs, the only question was whether the defendants had made such a use of the party wall as to render them liable for a part of the cost of erecting it.

In 1892 the plaintiff, desiring to erect a banking house, obtained a permit to remove a party wall which was on the line between a building on its lot and a building on the defendants' lot and it erected a new

wall on the division line to answer the requirements of its new building. At this time there was a four-story building on the defendants' lot. The joists of this building were inserted into the new party wall in the same way in which they had been inserted into the old one, and the new wall took the place of the old and answered the same purpose for the defendants' use. No claim was made for contribution for a part of the cost of this wall until 1911, when the defendants remodeled the building on their lot.

In remodeling the building the front and rear walls were removed and new walls erected. The wall in front was made five feet higher than the old wall, for architectural effect only, and the rear wall was built thirteen inches in thickness instead of nine inches, the thickness of the old wall, to comply with the building requirements of the City of Pittsburgh. New brick and masonry piers were built at the front and rear corners of the defendants' property adjoining plaintiff's party wall, the rear pier being built into the same channel in the party wall in which the old brick pier had been inserted. The front pier of the building was removed and a new brick and concrete pier was built on its own foundation, close to the party wall, and at the suggestion of the building inspector it was attached to the party wall with iron ties. The pier removed had rested against and was toothed to the old wall. The cellar was excavated to an additional depth of three feet and a cement floor was laid therein. Furring strips were attached to the party wall in the cellar and second, third and fourth floors and the wall was plastered. The plaster on the first floor was repaired. The old elevator at the rear of defendants' building and adjoining the party wall was removed and the joists were extended across the elevator shaft into the holes in the party wall in which they had rested prior to the installation of the elevator. Near the center of the building a new elevator shaft was placed, with a somewhat larger area

than the old shaft, and a number of joists were removed from the party wall to give the necessary space, and in order that the elevator shaft might be squared, short joists were spiked to the original joists and the holes in the party wall were enlarged to accommodate the same. No new elevator machinery was installed and it is not claimed that the change in position creates any additional servitude or weight upon the party wall. Excavations were made in the party wall at three places for the installation of switch boxes for electric light, and chases, to carry the wires from the floors to the boxes, were cut. In the third story, for a distance of twenty-five feet from the front, the floor had been elevated about three feet. The defendants dropped this raised portion of the floor to its original location. This portion of the floor was supported by joists running from the front of the building to a cross beam or joist inserted into the party wall and in order to stiffen this span, a new joist was inserted in the party wall about twelve feet from the front of the building. This joist did not increase the weight upon the wall other than by its own weight. The floor space, the height of stories and the roof of the building as remodeled are the same as they were prior thereto.

Under the facts shown, we think the use made by the defendants of the party wall, did not within the meaning of the Act of April 8, 1872, P. L. 986, impose on them any liability for a proportion of the costs thereof, for the reason that it was not a new use but a continuance of the old use to which they were entitled without payment. Section 4 of the act provides: "The owner or owners of said adjoining lot, his or their heirs or assigns or lessees, shall not use said party wall by building into or against it, or by in any way using it for any new building or structure, until he or they shall have paid to the first builder or builders, his heirs or assigns, the proportion of the cost of said wall, as fixed by said building inspector, or of so much of it as he may desire to use."

In construing this section it was said in the opinion in Hoffstott v. Voight, 146 Pa. 632, "This provides for two contingencies: First, a new wall where none was before, which cannot be used at all until payment; and, secondly, a new wall replacing an old one, of which no new use can be made without paying.  If the old wall was sufficient for the old use and the new one was built solely to accommodate a new use, the adjoining owner who merely continues the old use cannot be called on to contribute for his neighbor's improvement.  The statute does not make him in any way liable to pay until he begins himself to make a new use of the new wall......" The reasonable test of what is a new use is whether it is a use that could not have been made of the old wall.

The decree is reversed and the bill is dismissed at the cost of the appellee.