## Stevenson, Appellant, *v.* Mellor.

*Party walls—Use—Contribution—Bill in equity—Injunction.*

1. An adjoining owner is not liable to contribute for the use of a new party wall where he does not subject the new wall to any use which he could not have made of the old wall prior to its removal.

2. A bill in equity for an injunction restraining the use of a party wall until contribution for the cost is made, is properly dismissed where it appears that the plaintiff replaced the original party wall with a larger and deeper one; that in erecting their new building defendants excavated the cellar to an average depth of three feet below the old surface; that the original wall was old and out of repair, but there was nothing to show that it would not have supported defendant's new building; that while the ceiling in the old building followed the line of the roof, the ceiling in the new building was lowered, hanging partly from the roof and resting partly on the party wall; that there was no testimony that the chimney could not have been built against the old wall; and that while the construction of defendant's building was in effect new, the use of the new wall was substantially the same as that made of the old wall.

German National Bank v. Mellor, 238 Pa. 415, followed.

Argued Oct. 16, 1914. Appeal, No. 156, Oct. T., 1914, by plaintiff, from decree of C. P., No. 4, Allegheny Co., Second T., 1911, No. 578, dismissing bill in equity for injunction in case of William H. Stevenson v. Walter C. Mellor, George B. Mellor, and Charles Albert Dickson, Executors and Trustees under the last will and testament of C. C. Mellor, deceased, Laura Mellor, and

the Reinforced Concrete Construction Company. Before BROWN, POTTER, ELKIN, STEWART, and MOSCHZISKER, JJ. Affirmed.

Bill in equity to enjoin the use of a party wall and enforce payment of a portion of the cost thereof.

After hearing exceptions to findings of fact and conclusions of law, and supplemental findings and conclusions, FORD, J., filed an opinion which was in part as follows: "Upon the hearing of this case we were of opinion that the building as remodeled and reconstructed by the defendants imposed a different burden on the party wall and was therefore a new use for which the defendants were bound to pay. Since the filing of the findings of fact and conclusions of law the case of the German National Bank v. Mellor, 238 Pa. 415, was decided by the Supreme Court. The case arose over the erection by the defendants herein of a building and concerning a party wall on the opposite side of the same lot.......

In the case at bar the facts, in so far as the plaintiff claims differ from the facts in the German Bank case, are substantially that defendants excavated the cellar to an average depth of three feet below the old surface; that the German Bank case disclosed no evidence regarding the condition of the old party wall; that the expert testimony on the part of the plaintiff states that the old wall was insufficient to maintain the Mellor building; that a new ceiling was constructed on the fourth floor of the Mellor building; that the erection of a chimney or smoke stack in the rear of the Mellor building is a new construction and that the cutting of channels is a new use.

In the German Bank case, as in this, the cellar was excavated to an additional depth of three feet. Here the party wall was old and out of repair, but the experts called by the plaintiff did not testify that the old wall would not support the new Mellor building. In the old building the ceiling followed the line of the roof. In the

new building the ceiling was lowered, hung partly from the roof and rested partly on the party wall. The construction was in effect new, but the use of the new party wall was substantially the same as in the old wall.

There is no testimony that the chimney or smoke stack in the rear could not have been built against the old party wall.

Upon careful consideration, we think the facts shown in this case do not differ materially from the facts and the case is governed by the decision in the German National Bank case, 238 Pa. 415. The changes and alterations, though varied, made by the defendants in their building could have been made had the old wall not been removed and a new wall constructed.

Applying the rule that "the reasonable test of what a new use is whether it is a use that could not have been made of the old wall," it would seem to be clear that the defendants have not made such new use of the wall as to make them liable to pay the one-half of the cost thereof.

The court dismissed the bill at plaintiff's costs. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*M. W. Acheson, Jr.,* of *Sterrett and Acheson,* with him *Charles Large,* for appellant.

*David E. Mitchell,* with him *Alvin C. Spindler,* for appellees.

Per Curiam, October 26, 1914:

The court below having found that the appellant had failed to show that the appellees were making any use of the new wall which they could not have made of the old prior to its removal, properly dismissed the bill: German National Bank v. Miller, et al., 238 Pa. 415.

Appeal dismissed at appellant's costs.