# Hull *v.* The Delaware & Hudson Company, Appellant.

*Practice, Supreme Court—Equity—Bills for accounting—Findings of fact—Conclusions of law—Appeals.*

A decree in equity entered in a suit for an accounting will be affirmed where the findings of fact complained of were supported by sufficient evidence, the legal conclusions and decree logically followed the findings, and where error was not demonstrated in the admission of evidence.

Argued Feb. 23, 1916. Appeal, No. 450, Jan. T., 1915, by defendant, from decree of C. P. Lackawanna Co., Jan.

T., 1908, No. 9, in equity, on bill in equity for an accounting, in case of John L. Hull, F. L. Van Sickle, E. J. Hull, Executors of George M. Hull, Deceased; Grace H. Peck, Mary E. Hull and Jennie Hull Williams, Administrators, c. t. a., of the Estate of William H. Hull, Deceased; John L. Hull, Mary L. Hull, Alonzo Hull, Orestes T. Hull and Stephen P. Hull, v. The Delaware and Hudson Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Affirmed.

Bill in equity for an accounting for royalties under a coal lease. Before EDWARDS, P. J.

From the record it appeared that the questions involved concerned rights of lessors and lessee under a coal lease and supplements thereto. The evidence as to these questions covered a period of over half a century of mining. The plaintiffs, the sons of the original lessor, filed a bill in equity to secure an accounting and payment of royalties for the minimum quantity of coal they alleged should have been mined annually under the original contract and its supplements with the defendant; for an accounting and payment for small sizes; for payment for losses due to change in mining methods since 1860; for fuel coal used by the defendants but not accounted for or paid for by it; for coal reclaimed from dumps; for coal mined in one year in excess of the minimum, but not paid for; to have decreed a forfeiture of the contract; and for the surrender of the veins of coal which defendant admitted were unmineable.

The defendant contended that the minimum royalty due plaintiff was reduced from 120,000 tons to 100,000 tons per annum by one of the supplements to the original agreement.

The opinion of the Supreme Court further states the case.

The court awarded the relief prayed for. Defendant appealed.

*Errors assigned* were rulings on evidence, in dismissing exceptions to various findings of fact and law and the decree of the court.

*John G. Johnson,* with him *M. J. Martin, A. H. McClintock, James H. Torrey* and *Walter C. Noyes,* for appellant.

*Alex. Simpson, Jr.,* with him *John P. Kelly, Everett Warren* and *S. B. Price,* for appellees.

PER CURIAM, October 2, 1916:

This proceeding, instituted in January, 1908, is for an accounting under a coal lease, executed in 1858, and changed or modified by supplemental agreements. The trial below was long and tedious. Over five thousand pages of testimony were taken and the requests for findings of fact and law, with briefs of counsel, covered three printed books, aggregating 650 pages, the requests on both sides numbering 350. Four months were actually consumed in taking the testimony and hearing the arguments of counsel, and more than five years elapsed from the time the case was taken sub judice until the opinion of the court was filed, covering nearly three hundred pages of manuscript. Voluminous as the record is, we have, on this appeal, comparatively few assignments of error—twenty-three in all. Only one of them, the 11th, complains of improper admission of evidence, and, as it has not been demonstrated that error was committed in receiving the testimony of Stephen P. Hull, that assignment is overruled. The 2d, 4th, 13th, 16th, 19th and 20th assignments go to findings of fact. As each of them was based upon sufficient testimony, the said assignments are also overruled. The remaining assignments allege errors in legal conclusions and in the final decree. As those logically followed the facts found, all the assignments relating to them are dismissed. The learned

chancellor below having intelligently considered and properly disposed of all the questions before him, the decree is affirmed at appellant's costs.