# Clothier et al. *v.* Hoffman Company, Incorporated, et al., Appellants.

*Equity—Equity practice — Findings of fact — Appeals — Party walls—Acts of Feb. 24, 1721, 1 Sm. L. 125, and May 5, 1899, P. L. 193.*

1. Findings of fact of a lower court will not be reversed on appeal where they are based upon competent evidence, although there is sufficient evidence upon the record from which the lower court might have reached a different conclusion.

2. In a suit in equity brought by an owner of a building to enjoin an adjacent property owner from using a party wall, constructed by the plaintiff, until it had paid the plaintiff the appraised value of its new use of the wall, and certain measuring charges, where defendant contended that an old wall which the parties had formerly used was not entirely removed, but was simply reconstructed, but where plaintiffs produced abundant evidence that the old wall had been taken down and a new one erected, a finding by the lower court in accordance with plaintiffs' contentions was conclusive upon appeal, and a decree, under the Acts of Feb. 24, 1721, 1 Sm. L. 125, and May 5, 1899, P. L. 193, requiring defendants to pay half the cost of the new wall was affirmed.

Argued Jan. 22, 1918. Appeal, No. 291, Jan. T., 1917, by defendants, from decree of C. P. No. 5, Philadelphia Co., June T., 1916, No. 2504, requiring defendants to pay a part of the cost of a party wall, in case of Morris L. Clothier, Frederick H. Strawbridge, Robert E. Strawbridge, and Isaac H. Clothier, Jr., v. The Hoffman Company, Incorporated, of Philadelphia, Architects and Engineers, The Fleischmann Construction Company, Builders; Blauner's, Incorporated, Tenants, and Elizabeth D. Riddle, Thomas Earle White and the Fidelity Trust Company, Trustees under the Will of John Dobson, Deceased. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity to require defendants to pay a part of the cost of a party wall. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

The court on final hearing awarded the relief prayed for.    Defendants appealed.

· *Errors assigned* were in dismissing exceptions to find-ings of fact and conclusions of law and the decree of the court.

*Julius C. Levi,* for appellants.

*Henry C. Thompson, Jr.,* with him *Edwin S. Dixon,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 3, 1918:

Blauner's Incorporated and the Fleischmann Con-struction Company, two of the defendants, appeal from a decree in equity ordering them to pay to plaintiffs a portion of the cost of constructing a party wall. The bill was dismissed as to the other defendants.

Plaintiffs and defendants own adjoining premises in the City of Philadelphia known as Nos. 831 and 833 Market street, respectively. On plaintiffs' property was erected a hotel and on defendants' a brick building three stories in front with a two story addition in the rear, the two properties being separated by a party wall. In 1903 plaintiffs razed their hotel building and erected in its place a five-story structure. At that time the building inspector, after an examination of the party wall, which the plaintiffs for the first time proposed to use, decided that, although adequate for defendants' property, it was not sufficient to support plaintiffs' building, and ordered the wall taken down and a more substantial one erected in accordance with municipal requirements. In 1916 defendants began the construction of a four-story build-ing to extend the entire depth of their lot, and proceeded to make use of the party wall erected by plaintiffs in 1903 by cutting openings in which to insert joists and timbers necessary in the construction of their new building.

The parties having failed to agree upon the sum defendants should pay plaintiffs for such use, and defendants having refused to accept the figures of the official measurer, who appraised the value of the new use at $4,007.63, based on one-half of the cost of a wall of the character required by defendants' building, to which was added measuring charges, making a total of $4,150.04, plaintiffs brought this bill to restrain defendants from using the division wall until payment for the use is made. The court below, after hearing, adopted the figures of the appraiser as fairly representing the value of the new use made of the wall by defendants, and directed that the sum found due be paid with costs, less. a payment previously made.

The contention of defendants is that instead of being chargeable with one-half of what a new wall would have cost them in 1916 they are liable for only one-half the cost of the difference between the cubical contents of a new wall built at that time, and the cubical contents of the wall which existed in 1903. This contention is based on the theory that the old wall was not entirely removed, but merely reconstructed and that the cost of such reconstruction represented the maximum outlay properly chargeable to them.

The Act of February 24, 1721, 1 Sm. L. 125, requires the first builder to be reimbursed for one-half of the cost of constructing a party wall "or for so much thereof as the next builder shall have occasion to make use of before such next builder shall in any wise use or break into the said wall; the charge or value thereof to be set by the said regulators." The Act of May 5, 1899, P. L. 193, Section 24, makes it the duty of the building inspectors to examine party or division walls, and if defective, out of repair, insufficient or unfit for the purpose of the existing building, or any new building about to be erected, such wall "shall be repaired or made good or taken down by the parties building, as the inspector's decision may be," and further provides that the cost of repair, removal

or a new wall, as the case may be, shall be borne by the adjoining owner "in proportion to the amount of such wall or walls which is or shall be respectively used by their said buildings"; and that where such walls are "sufficient only for the purpose of the new building" the entire expense is to be borne by the party erecting the new building.

In support of their claim defendants point to Section 25, of the Act of 1899, which provides that where there are existing walls "whose thickness at the time of their erection was in accordance with the requirements of the then existing laws, but which are not in accordance with the requirements of this act, may be used, if in good condition, for the ordinary use of party walls: Provided, the height of the same be not increased. In case it is desired to increase the height of the existing party or independent walls, which walls are less in thickness than required under this act, the same may be done with a lining of brickwork to form a combined thickness with the old walls of not less than four inches more than the thickness required for a new wall, corresponding with the total height of the wall when so increased in height." Under this section defendants assert that as the reinforcing of the walls in existence in 1903 with a lining, and reconstructed to the height necessary to support their present building, was practicable, they should be charged only with this portion of the expense.

A serious difficulty in the way of adopting this theory, is the finding of the court below that the old wall was in fact taken down and a new one erected in its place. No exception was taken to this finding; defendants, however, refer to the application made by them to the court below to allow exceptions to be filed nunc pro tunc after appeal was taken, and have assigned as error the refusal to permit such exceptions to be filed. Assuming the question to be properly before us, it would not materially help defendants' case. The Act of 1899 permits the inspector, in his discretion, to order an old

wall to be repaired or taken down entirely and replaced. The inspector was called as a witness, and there was offered in evidence, in connection with his testimony, his reports to the chief of the Bureau of Building Inspection which show he concluded the existing party wall was unfit for the new building about to be erected by plaintiffs on No. 831, and that he had "ordered same to be taken down and a legal party wall built." He further testified that while the existing wall was ample for the requirements of the building then on defendants' premises, it was not suitable for the new building plaintiffs proposed to erect, and "therefore it was condemned as provided for in the act of assembly as insufficient for the purpose of the new building, and was torn down and a new party wall built." He also said that at the time the building No. 831 was erected the division wall was an old one and had been standing for a period of from fifty to one hundred years, which would probably account for his conclusion that it should be taken down. In contradiction of this testimony, and in support of their exception to the finding of the trial judge that the old wall was removed, defendants called the architect who prepared the plans for the building erected in 1916, and who testified that an examination of the party wall showed its greater part had been reconstructed, and that "from an architectural point of view" a part of the old wall was "embodied in the wall constructed" by plaintiffs in 1903. The witness admitted, however, he had not seen the building previous to 1916, thirteen years after its reconstruction, and based his conclusion upon an examination of the wall from an architectural point of view, and on the presumption that the wall existing in 1903 was sufficiently strong to carry at least the three-story building. The question for us is not whether we might have taken the same view of the evidence as the trial judge, but whether there is evidence in the case to sustain the conclusion reached by him. The evidence that the old wall was remodeled rather than recon-

structed is not so clear and conclusive as to warrant a reversal of the finding of the court below: Hull v. Delaware & Hudson Co., 255 Pa. 233; Scranton v. Scranton Coal Co., 256 Pa. 322.

· The above disposes of substantially the entire question involved, there being no serious dispute as to the liability of defendants to reimburse plaintiffs to the extent of one-half the cost of so much of the wall as defendants had occasion to use, less deductions provided by statute. In this case we are clearly of the opinion such share was properly represented by one-half of the cost of constructing a wall of the character defendants would have been obliged to build in 1916 (Bailey's App., Supreme Court, 1 W. N. C. 350) as found by the court below. This rule is not inconsistent with the principles laid down in Hoffstot v. Voight, 146 Pa. 632, German National Bank v. Mellor, 238 Pa. 415, and Stevenson v. Mellor, 246 Pa. 596, cited and relied upon by defendants.

The judgment is affirmed.