## Loeliger *v.* Edson Bros., Appellant.

*Equity—Findings of fact—Contract of employment—Bookkeeping—Review—Appeals.*

1. The findings of fact by a chancellor, based on sufficient evidence, will not be reversed in the absence of clear error.

2. This rule is applicable to a finding that a contract of employment was not terminated by a change in the system of the employer's bookkeeping affecting the contract, to which the employee had not consented.

Argued January 13, 1921. Appeal, No. 163, Jan. T., 1921, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1918, No. 2036, on bill in equity, in case of O. G. Loeliger v. Edson Bros. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for accounting. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

The court entered a decree for an accounting. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*J. H. Shoemaker,* for appellant.

*Arthur E. Weil,* with him *Edgar W. Lank,* for appellee.

OPINION BY MR. JUSTICE SADLER, February 14, 1921:

The plaintiff, O. G. Loeliger, was employed by the defendant as the manager of one of its departments on March 29, 1915, under an agreement to continue in force for six months. On November 1, 1915, a new contract was entered into, by which provision was made for compensation to be paid to Loeliger, consisting of a weekly salary, and a proportion of the net profits of the department placed in his charge, after making certain deductions therefrom, as set forth in the written paper; this agreement was to continue in force "as long as both parties are satisfied." Under the terms of the contract, plaintiff continued in the employment of defendant until discharged, in February of 1918; and, demand having been made for an accounting, which was refused, a bill was filed praying that such be directed. An answer was interposed, in which it is averred that the contract referred to was terminated by defendant on or about September 1, 1916, by virtue of the power given therein to so act when either party should be dissatisfied. It was, therefore, insisted that the present proceeding, based, as it was, on a contract alleged to be no longer in force, could not be maintained.

A replication was entered, and a hearing had; findings of fact and conclusions of law were subsequently filed, and the exceptions thereto were overruled. An appeal from a decree entered in plaintiff's favor was taken by defendant, and fifty-one errors have been assigned; thirty-nine of these relate to findings of fact, and the others are directed to conclusions of law based on the facts so found. No assignment to admission of evidence appears, nor is it seriously claimed that any error in the conclusions of law has been made, if the findings of fact are justified.

The chancellor has found the contract of November 1, 1915, was in full force and effect at the time of the discharge of the manager. The modification attempted on September 1, 1916, was in the system of bookkeeping, by means of which the share of profits of the respective parties was determined. Loeliger "never consented to, acquiesced in, approved, or ratified any change or alteration" thereof. Admittedly, no accounting has been had under the terms of the 1915 contract since September 1, 1916. The books covering these transactions are in the hands of the defendant, and the court directed a settlement between the periods mentioned.

The findings made were justified by the testimony offered by the defendant. Both the oral evidence and the correspondence indicate clearly that the dispute concerned the manner of determining the amount of net profits, and did not relate to the contract of employment of 1915, which was treated by both plaintiff and defendant as in force. The most that can be concluded is that there was an effort to force the appellee to accept the new system of bookkeeping so as to permit additional items of expense to be charged therein. Loeliger continued in the employ, protesting against the proposed changes, until the time of his discharge.

The evidence fully sustains the conclusion of the court below; and, under the recognized rule that the findings of a chancellor, based upon sufficient evidence, will not be reversed in the absence of clear error, the judgment must be affirmed: Scranton v. Scranton Coal Co., 256 Pa. 322; Hull v. Delaware & Hudson Co., 255 Pa. 233; MacDougall v. Citizens National Bank, 265 Pa. 170.

The decree of the court below is affirmed at the cost of the appellant.