## Shapiro *v.* Kazmierski et al., Appellants.

*Vendor and vendee—Specific performance—Time as essence of contract—Refusing tender of deed—Recording agreement of sale—Cancellation of agreement—Cloud on title—Statute of frauds—Memorandum in writing.*

1. Where time has been made the essence of a contract of sale of real estate and the vendees have refused a tender of a deed, and thereafter have recorded the agreement, the vendor is entitled to have the agreement cancelled and stricken from the record. An agreement so recorded is a cloud on the title of the real estate.

2. Where one of several owners of real estate has agreed in writing to sell the same without the other owners joining in the agreement, a deed in pursuance of the agreement in which all the owners join duly tendered, is a sufficient memorandum in writing to take the case out of the statute of frauds.

Argued March 20, 1925. Appeal, No. 38, March T., 1925, by defendants, from decree of C. P. Allegheny Co., Oct. T., 1923, No. 1296, on bill in equity, in case of H. J. Shapiro v. Andrew Kazmierski et al. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill to cancel agreement of sale of real estate.
Cross-bill for specific performance. Before Kline, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff cancelling agreement and dismissing cross-bill. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*F. A. Piekarski,* for appellants.—It is a principle of equity that a party asking cancellation or rescission

must prove performance on his part: Hawk v. Greens-weig, 2 Pa. 295; Stephen's App., 87 Pa. 202.

The Pennsylvania law indicates that it is fatal to a party asking cancellation or rescission of a contract to neglect or refuse to tender back to defendant before suit is brought the benefits received by complainant from defendant: Bird's App., 91 Pa. 68; Nulton's App., 103 Pa. 286; Hardinge v. Kuntz, 278 Pa. 232.

The owners of the real estate, which Shapiro agreed to convey, executed and acknowledged a deed, with their wives. It is alleged and maintained by plaintiff that this deed was tendered to appellants. Under these circumstances, the chancellor erred in finding as a conclusion of law that this deed was not a sufficient memorandum to take the case out of the statute of frauds: Shrut v. Huselton, 272 Pa. 113.

*Joseph Stadtfeld,* with him *Harvey M. Aronson,* for appellees.—Time of performance was of the essence of the contract, and, on the refusal to accept the deed as tendered, all rights under the agreement were at an end, and the recording thereafter created a cloud on the title: Rankin v. Hammond, 25 Pa. C. C. R. 45; Affrime v. Mandel, 267 Pa. 387; Becker v. Smith, 59 Pa. 469; Reed v. Breeden, 61 Pa. 460; Fessler's App., 75 Pa. 483; Mansfield v. Redding, 269 Pa. 357.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

Plaintiff, Shapiro, with one Kurtz, was the owner of twelve houses, and the former signed an agreement to sell them to the present defendants for $39,000, of which sum $24,000 was to be paid by the assumption of mortgages to the amount of $2,000 on each of the properties. A prior holder of the title had placed the obligations on them in the sum mentioned, and the bonds secured thereby had been entered of record. When the date for settlement arrived,—and time was of the essence of the contract,—the vendees refused to accept the deed

tendered, the lands being generally subject to all of the entered judgments, and demanded that the land be released from the liens, or evidence produced that the bonds were actually given only as collateral for the outstanding mortgages, and limited to the lots described in each. An offer to pay off the claims was made, but this was declined by the payees, and could not be insisted on, as the due date had not been reached. The proposed vendees thereupon refused to accept the conveyance tendered, and entered the agreement of sale of record. This bill was later filed, asking for its cancellation, it being claimed the same constituted a cloud upon the vendor's title, and was followed by a cross-bill asking for specific performance of the alleged original undertaking. The learned court below granted the prayer of the plaintiff, and refused that of the defendants. From the decree entered, this appeal is taken.

The findings of fact, upon which the conclusions of law are based, are confused, but we are convinced, by examination of the record, that the judgments, entered upon the bonds given by the predecessor in title, represent the same debt as those secured by the twelve recorded mortgages of $2,000 each, which the parties contemplated should be assumed by the vendees when they entered into the contract of purchase. The securing of a release of these claims by payment, though attempted, was found to be impossible, and all that the vendors were able to offer was the deed which they presented, charged with the outstanding encumbrances. Defendants refused to accept this, though prepared to carry out the agreement as understood by them, but they cannot require, nor can the court order, the performance of that which is impossible. Of course, had they seen fit, such title as could have been conveyed might have been accepted, and the right to recover damages from the vendors for failure to comply with their stipulation in full, if it was not carried out, would have been left open for subsequent adjudgment. However, they

elected to stand upon supposed legal rights, resting on their interpretation of the written agreement, and are in no position now to demand a specific performance of the contract of sale.

We cannot agree with the court below in holding that the statute of frauds prevents recovery here, on the ground that the cotenant and his wife, failed to sign the original articles, since they did join in the properly executed deed offered. That the consideration had not been definitely determined upon, as suggested in the opinion filed, is without proper support in the record. The matter in dispute is controlled by what was said in Shrut v. Huselton, 272 Pa. 113, and the thoughts there expressed need not be repeated here. See also, Cadwalader v. App, 81 Pa. 194. Both owners, with their wives, executed and acknowledged the conveyance tendered, and this was sufficient to take the case beyond the pale of the legislation referred to.

Time, as heretofore noticed, was made essential to the consummation of this agreement, and the stipulated terms were not, or could not, be complied with on the date fixed. It follows that specific performance could not have been decreed: Mansfield v. Reading, 269 Pa. 357. On the other hand, the recorded contract of sale will make impossible the transfer of the vendors' title to others, if desired, which burden should not be continued. Whether, as between the proposed vendors and vendees, other liabilities may exist, we have no present concern, but it is clearly apparent that the award here made was all that the court below was justified in granting on the pleadings and evidence submitted.

The decree of the court below is affirmed at the cost of appellants.