## Happold v. Espenship et al.

*William D. Stewart* and *J. Eugene Walker*, for plaintiff.
*Walter R. Faries* and *William S. Sykes*, for defendants.

BROOMALL, J., July 18, 1930.—

*Statement of pleadings and issues involved.*

1. The bill in the above case was filed June 4, 1928. An answer was filed by defendants Espenship and wife on July 27, 1928. No answer was filed by defendant Harvey, recorder. Replication was filed October 3, 1928. Hearings on bill and answer were held on March 13, 1929, and June 4, 1929.

2. Plaintiff and defendants Espenship and wife entered into a written agreement for the sale and exchange of their respective properties, under which said defendants paid to plaintiff $500 as hand money. The agreement was not carried out within the time limit in the contract, and thereafter the defendants, Espenship and wife, had the agreement recorded in this county. The plaintiff in this action seeks to have the agreement canceled and stricken

from the record, and the defendants, Espenship and wife, request an order that the hand money be returned.

### Findings of fact.

1. Plaintiff and defendants Espenship and wife, under date of April 25, 1925, entered into a written contract whereby the said defendants paid the plaintiff the sum of $500 as hand money, and the plaintiff agreed to convey to the defendants, Espenship and wife, certain premises therein described in exchange for certain premises therein described to be conveyed by said defendants to the plaintiff, settlement to be made within thirty days, time being of the essence of the contract. The hand money paid was to be forfeited as liquidated damages in the event of the failure of the defendants to make settlement within the time named. Certain mortgages on the property to be conveyed by the plaintiff to the said defendants were to be negotiated by the plaintiff without expense to the defendants.

2. The contract of April 25, 1925, was acknowledged on the date of its execution, the acknowledgment was certified to by the officer taking the same on May 27, 1925, and was left for record in this county by the defendants, Espenship and wife, on May 28, 1925, after they had notified the plaintiff of the rescission of the contract on account of his failure to comply with the same within the time therein limited. The contract was recorded in this county in deed book 607, page 404, etc.

3. The plaintiff at the time of settlement, to wit, on May 25, 1925, did not tender to the defendants, Espenship and wife, a deed for the property to be conveyed by him, nor any deed to be executed by the defendants, Espenship and wife, for the property to be conveyed to the plaintiff, nor did he have the papers prepared for the mortgages provided for in the contract of April 25, 1925.

4. On several occasions prior to May 25, 1925, the plaintiff, in answer to inquiries from the defendants, Espenship and wife, advised them that he would be unable to complete the contract by May 25, 1925.

5. There was no agreement by the parties extending the time for the exchange of properties as arranged for in the contract of April 25, 1925.

6. The defendants, Espenship and wife, either on May 25th or May 27th demanded of the plaintiff that he perform his part of the contract of April 25, 1925; and upon being advised by him that he was unable to do this they notified him of their rescission of the contract of April 25, 1925, and demanded the return of the $500 hand money paid to the plaintiff. The return of this money was refused by the plaintiff, and thereafter, on May 28, 1925, the defendants, Espenship and wife, filed the contract of April 25, 1925, for record in this county.

7. In May, 1926, prior to the institution of the present action, the defendants, Espenship and wife, brought suit against the plaintiff in the Municipal Court of Philadelphia, to No. 1154, May Term, 1926, to recover the amount of the hand money with interest thereon from the plaintiff.

### Conclusions of law.

1. The plaintiff was in default under the terms of the contract of April 25, 1925.

2. The defendants, Espenship and wife, were not in default under the terms of said contract.

3. The defendants, Espenship and wife, having rescinded the contract of April 25, 1925, as they were justified in doing, should not thereafter have left the said contract for record.

4. The contract of April 25, 1925, should be canceled and declared null and void.

5. The plaintiff should pay to the defendants, Espenship and wife, the hand money heretofore paid him, to wit, $500, with interest thereon from May 25, 1925, together with the costs of that proceeding.

6. The defendant, Harvey, the recorder, upon payment of his proper charges therefor and the production of the certificates set forth in the decree *nisi*, should note upon the record of said contract that the same is canceled by virtue of the decree in this proceeding.

7. The costs of this proceeding should be paid by the defendants, Espenship and wife, but no witness fees should be taxed by either party hereto, each of the parties paying their own witness fees.

## Discussion.

The agreement plainly provides that the plaintiff shall convey his property to the defendants, Espenship and wife, and at settlement said defendants were to convey their property to him. The plaintiff had procured the necessary financing within the time fixed for settlement, but had none of the papers in connection therewith prepared, and he neither offered to make settlement nor to tender a deed, and he had prior thereto notified the defendants, Espenship and wife, that he would not be ready on May 25th; and, in view of this notice, they were not in default in not having any of the papers prepared themselves. The defendants, Espenship and wife, contended that the plaintiff was to prepare all the necessary papers, which he did not deny, and, in fact, he did prepare them for the tender which he made on November 6, 1925. As the contract provided that time should be of the essence thereof, it is too clear for argument that the tender on November 6, 1925, was too late. It does not even come within the line of cases where there is a tender within a few days, or whether there is an extension of time by the acquiescence of the parties. Neither can the plaintiff, under such circumstances, be held to say that Espenship and wife should have tendered performance when the plaintiff was not in a position to perform.

Defendants Espenship and wife having a suit pending in the Municipal Court of Philadelphia County as of No. 1154, May Term, 1926, for the recovery of the hand money paid under the contract of April 25, 1925, they ask that we decree in this proceeding a return of that hand money with interest. In the briefs filed both parties urged the court to dispose of all the questions involved; and, in view of this and the authorities cited below, we feel that we have judisdiction herein to end the whole controversy between the parties.

Equity has jurisdiction, when it once attaches, to round out the whole controversy (Epstein *v.* Ratkosky, 283 Pa. 168, 174) ; it will decree the return of hand money (Bashford *v.* Land Co., 295 Pa. 560) ; it will decree specific performance of a receipt for hand money complying with the statute of frauds without the formality of an agreement of sale provided for in the receipt (Schermer *v.* Wilmart, 282 Pa. 55) ; and it will direct that a third person be brought in by amendment as a party to the proceeding to receive money where necessary to conform with the decree (Miron *v.* Percheck, 279 Pa. 456). The theories involved are that, "he who seeks equity must do equity," and "equity having assumed jurisdiction will dispose of the entire controversy to prevent unnecessary litigation:" Wally *v.* Wally, 286 Pa. 413, 417, and cases there cited.

That the recording of the contract of April 25, 1925, constitutes a cloud on the plaintiff's title is, we think, perfectly clear: Octoraro Water Co. *v.* Garri-

son, 271 Pa. 421; Reilly *v.* Magee, 272 Pa. 406; Goldstein *v.* Markovitz, 276 Pa. 46; Shapiro *v.* Kazmierski, 283 Pa. 242.

And where the contract has been rescinded and is no longer capable of specific performance, it is proper that this cloud should be removed. See four cases last above cited.

As the defendants, Espenship and wife, had rescinded the contract, there was no good purpose to be served by having it recorded; and, in view of this, we think it is proper that the costs of the present proceeding should be imposed upon them. If the plaintiff had promptly returned the hand money, as he should have done when he was unable to comply with his contract, this controversy would not have arisen; and, in view of this, we think that he should bear the expense of his own witnesses.

### Decree nisi.

And now, July 18, 1930, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

That the plaintiff pay to said defendants, Espenship and wife, the sum of $500, with interest from May 25, 1925, together with the costs in the proceeding to No. 1154, May Term, 1926, in the Municipal Court of Philadelphia County, and that upon such payment being made the contract between the plaintiff and the defendants, Espenship and wife, of April 25, 1925, is hereby canceled and declared null and void, and that thereupon, further, the said defendants, Espenship and wife, shall mark the proceeding in said Municipal Court of Philadelphia County satisfied of record; and defendant Harvey, recorder, shall, upon receipt of a certified copy of this decree, together with a certificate from the defendants, Espenship and wife, that the said sum, with interest and costs as aforesaid, have been paid and satisfaction noted as directed, mark the record of said contract in deed book 607, page 404, etc., canceled by virtue of this proceeding upon payment of his proper charges therefor; and the said defendants, Espenship and wife, shall pay the other costs of this proceeding, except the costs of plaintiff's witnesses.

The prothonotary is directed to notify counsel for all parties of the filing of this decree *nisi*, which shall become absolute unless exceptions are filed thereto and to the findings of fact and conclusions of law within the time provided by the Rules of Equity Practice.

From William R. Toal, Media, Pa.