Gerlock, Appellant, *v.* Gabel.

Argued January 12, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Sidney E. Friedman,* with him *Clinton R. Weidner,* for appellant.

472

*Robert L. Myers, Jr.*, with him *Arthur B. Myers* and *Myers & Myers*, for appellee.

Opinion by Mr. Chief Justice Horace Stern, March 14, 1955:

Although a considerable amount of testimony was taken in this case some of the factual background unfortunately remains obscure.

Plaintiff, Mary E. Gerlock, and defendant, Margaret M. Gabel, are mother and daughter. Plaintiff and her husband owned properties numbers 630 and 632 Enola Road, West Fairview, Cumberland County, subject to a mortgage of $2,400 held by one Andrew J. Ryan. In 1920 Ryan foreclosed the mortgage after giving written instructions to his attorney, S. S. Rupp, Esq., to purchase the property at the execution sale and hold it in trust to sell and to account to Ryan for the proceeds. Accordingly Rupp purchased the property for the sum of some $200 and received a sheriff's deed in his name as trustee. In 1921 he sold 630 Enola Road to one Daniel E. Grubb for $1,819 but continued to hold number 632 under the Ryan trust. In 1923 Ryan, for some undisclosed reason, stating that he had received full satisfaction of the mortgage debt and interest, executed a power of attorney to the Recorder to mark the mortgage satisfied although apparently he had not in fact recovered the full amount of the debt and although the foreclosure sale had itself discharged the lien. Rupp died in 1945 and among his papers there was found a written statement by him that he held the property 632 Enola Road as trustee for the plaintiff to dispose of at her direction and request. The only plausible explanation of the obvious inconsistency between his trusteeship for Ryan and this acknowledgment of a trusteeship for plaintiff is that Ryan was apparently willing to let plaintiff, who had at all times

occupied the property, continue to live there and be the equitable owner thereof, subject only to payment of the unpaid balance of the mortgage indebtedness and, meanwhile, the interest thereon as it accrued from time to time. Plaintiff remained in the property and paid the interest periodically to Rupp, trustee, as it fell due.

When Mr. Rupp died plaintiff filed in the Court of Common Pleas of Cumberland County a petition which she signed and swore to and in which she stated that Rupp had held 632 Enola Road in trust for her and that she desired title thereto to be transferred for the sum of $1.00 to Margaret M. Gabel; therefore she asked the court to appoint a substituted trustee in Rupp's place for the sole purpose of transferring the title to Margaret M. Gabel. The court, in pursuance of her request, appointed William M. Young, Esq., as substituted trustee. On May 1, 1946, plaintiff and defendant met at the office of an attorney, and there, in pursuance of an oral agreement which they had previously entered into, the attorney delivered to defendant a deed executed by Young as trustee and which conveyed to her a fee simple title to the premises, while at the same time defendant delivered to the attorney her check in the sum of $1,223.10—presumably representing the remaining unpaid balance of the mortgage and interest thereon—to the order of Andrew J. Ryan, who, in person, the day before, had again entered satisfaction of the mortgage. Ryan is now deceased. Upon the death of plaintiff's husband in 1952 plaintiff demanded of defendant the return of the property, offering to repay her the $1,223 which she had expended. Defendant refused the request, whereupon plaintiff instituted the present proceedings.

In the pleadings, and as the case was tried, there was presented only one issue, namely: what were the

terms of the oral agreement between plaintiff and defendant in regard to the transfer of the title to defendant?  In plaintiff's complaint in equity, after reciting the appointment of Young as substituted trustee at her instigation for the purpose of transferring title to defendant and that the deed was executed and delivered by him to defendant pursuant to the authority thus given him, she alleged that "in so requesting and directing the said deed to be made, executed and delivered by the substituted trustee, the plaintiff relied upon the express agreements and promises to her of the defendant" (1) that defendant was merely being substituted as trustee for Rupp and the property was to remain the property of plaintiff, the legal title to continue in the name of defendant only until plaintiff should "need or request some other arrangement," at which time she would be entitled to receive a reconveyance of the property upon the repayment to defendant of the mortgage money advanced by her; (2) that during the period in which title remained in defendant plaintiff should live in the premises without paying rent, should be allowed to collect and retain the rentals received from apartments in the building, should pay the taxes, insurance and maintenance charges and that no interest should be charged by defendant on the money advanced by her for payment of the mortgage indebtedness.  She therefore prayed that defendant be decreed to hold the title to the property as trustee and be directed to reconvey it subject only to plaintiff's obligation to repay the amount so advanced.  Defendant in her answer denied that she had made any such promises as alleged by plaintiff other than an agreement that plaintiff during her lifetime should continue to live in the property, receive the rents therefrom, and pay the carrying charges. Testimony having been taken pro and con in regard to these conflicting versions of

what the parties had orally agreed upon, the learned chancellor found as a fact that defendant did *not* promise or agree to reconvey the property to plaintiff at the latter's request or to hold the property in trust for her beyond the conceded life interest. It would indeed seem reasonable to suppose that if plaintiff had intended merely to constitute defendant a trustee of the property she would have requested the court to name the defendant as substituted trustee in the first place instead of having the court appoint some other trustee for the sole purpose of having him thereupon transfer title to the defendant in that same trustee capacity. The court decreed that defendant held title to the property subject only to plaintiff's life interest, denied plaintiff's prayers, and dismissed the bill. Plaintiff's residence in the property and her collection of the income therefrom has at all times continued and is not challenged by defendant in these proceedings.

Seemingly the controversy would have ended with the court's finding that defendant had not agreed or promised to reconvey the property to plaintiff and that the title had not been transferred to her merely as trustee. Indeed, even if such an oral promise had been made, it would have been unenforceable under Section 4 of the Act of April 22, 1856, P. L. 532. Nor could defendant have been held to be a constructive trustee, because it is only when a confidential relation exists between a grantor and a grantee that a constructive trust might perhaps arise: *Gast v. Engel,* 369 Pa. 137, 85 A. 2d 403; Restatement, Trusts, §45. The facts here did not establish the existence of any such confidential relationship which, in legal contemplation, is not created by the mere relation of parent and child; a child may take a gift from a parent without being required to furnish explanatory testimony: *Jenne v. Kennedy,* 379 Pa. 555, 558, 559, 109 A. 2d 307, 309. In the pres-

ent case there was not even an outright gift to a child because defendant agreed to pay, and did pay, the balance of the mortgage indebtedness.

Defeated on the sole issue which had been raised in the proceedings, plaintiff presented for consideration at the argument on exceptions to the chancellor's adjudication two new propositions; these were rejected by the court below and plaintiff now urges them on this court on appeal. The first contention was that, because of the Statute of Frauds, her equitable interest in the property could not be transferred by her except by a writing signed by her, and therefore it never passed to defendant. Her second contention was that the trust in her favor was a passive one, and, being executed by the Statute of Uses, the legal title to the property vested in her by operation of law and therefore did not pass to defendant by virtue of the deed from Young as substituted trustee.

It is clear that neither of these propositions has any merit. While of course an equitable interest in real estate cannot, any more than a legal interest, be transferred except in writing, plaintiff here, in her petition to the court of common pleas, did, in writing and over her signature, express her willingness, desire and intention to have the title transferred to defendant, and it was in pursuance of such authority, as she admitted in her complaint, that Young thereupon executed the deed of conveyance; these two documents, in conjunction, fully met the requirements of the Statute of Frauds. Since the deed was delivered to defendant in plaintiff's presence, with her consent and by her direction, the signature to the deed became, in legal effect, that of plaintiff herself: *Fitzpatrick v. Engard*, 175 Pa. 393, 402, 34 A. 803. Moreover, the Statute of Frauds applies only to executory contracts and not to agree-

ments which have been completely executed and performed on both sides: *Shrut v. Huselton,* 272 Pa. 113, 117, 116 A. 43, 45; *Shapiro v. Kazmierski,* 283 Pa. 242, 245, 128 A. 842, 843; *Davis v. Hillman,* 288 Pa. 16, 21, 22, 135 A. 254, 256; *Godding v. Swanson,* 173 Pa. Superior Ct. 575, 579, 98 A. 2d 210, 212. The Statute is designed, not to encourage frauds, but to prevent them by forbidding the assertion of a right or interest in real estate by one who can show no written basis for the claim; defendant in the present case is not in that position.

As to plaintiff's contention that by the operation of the Statute of Uses she held not only the equitable but also the legal title to the property, the fact is that the trust for her benefit was not an entirely passive one since Rupp held title in trust to collect from her the interest on the mortgage as it fell due from time to time and ultimately to obtain payment of the balance due on the principal. It was only when defendant paid that balance that the trust of which Young was then the substituted trustee came to an end, but simultaneously therewith both the legal and the equitable title passed from plaintiff by virtue of the deed from Young. Having authorized that deed, plaintiff is now estopped in equity to challenge the validity of the title thus conveyed at her own instance and direction.

The decree is affirmed; the costs, as ordered by the court below, to be shared equally by the parties.