365 A.2d 1312

Paulette YANNOPOULOS, Executrix of the
Estate of Harry C. Sophos, De-
ceased, Plaintiff,

v.

Flora C. SOPHOS, a/k/a Flora C. Towry, and R. Brody Tow-
ry, her husband, Appellants, and Cora Lee Alexander
and Alberta Lee Johnson, Defendants.

Superior Court of Pennsylvania.

Nov. 22, 1976.

Joseph M. Ludwig, Ludwig, Elder & Achman, Andrew J. Achman, Pittsburgh, for defendants.

James H. Nugent, Pittsburgh, for plaintiff.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge.

This is an appeal from the decree of the Court of Common Pleas of Allegheny County sitting as a court en banc in equity, dismissing the exceptions of the appellants, Flora C. Sophos, et al., and making final the decree nisi of the chancellor.

On May 23, 1951 the decedent, Harry C. Sophos, and one of the appellants, Flora C. Sophos, now Flora C. Towry, became owners of a certain piece of real estate known as 133 Faybern Court, Penn Hills Township, Allegheny County, Pennsylvania. The owners held the premises as joint tenants with the right of survivorship and not as tenants in common, so at that time each of the owners possessed an undivided one-half interest in the premises with the right of survivorship.

On July 14, 1973 the decedent, Flora C. Sophos (now Flora C. Towry) and R. Brody Towry, her husband, entered into a listing contract with a real estate agency for the sale of the property. A buyer was found and on November 12, 1973 the decedent executed an agreement of sale of the premises. Mrs. Towry and her husband did not execute the agreement because at the time they were in the State of Mississippi. However, on the following day she sent a telegram to the real estate agent indicating her approval of the sale.

On November 16, 1973 the decedent died suddenly. After his death Mrs. Towry and her present husband executed the sales agreement and went through with the sale. The executrix of the decedent's estate initiated an action in equity against Flora C. Towry, her husband and the purchaser of the realty.

The chancellor filed a decree nisi as follows:

"AND NOW, to-wit, this 24th day of December, 1974, it is hereby ORDERED, ADJUDGED and DECREED as follows:

"1. That one half of the proceeds from the sale of the subject property be paid to Paulette Yannopoulos, Executrix of the Estate of Harry C. Sophos and in order to effectuate this it is hereby decreed that the Prothonotary pay to the plaintiff the sum of money on deposit with him which represents a part of the purchase price plus any interest accrued thereon; and,

"2. That one half of the sum retained in escrow by Papernick and Gefsky, Esquires, be paid to the plaintiff upon proof of payment of all inheritance taxes; and,

"3. That the defendant bear the costs of this lawsuit."

The chancellor made the following findings of fact:

"1. The plaintiff is the executrix of the estate of Harry C. Sophos.

"2. The defendant, Flora C. Sophos, the sister of the decedent Harry C. Sophos, is presently married to R. Brody Towry.

"3. That on May 23, 1951 property known and numbered as 133 Faybern Court, Penn Hills Township, Allegheny County, Pennsylvania, was deeded to Harry C. Sophos and Flora C. Sophos as joint tenants with the right of survivorship and not as tenants in common.

"4. That on July 14, 1973 Harry C. Sophos and Flora C. Sophos entered into a contract listing the property for sale with a real estate broker.

"5. An Agreement of sale for the property executed by proposed purchasers was submitted to Harry C. Sophos who executed it. The agreement is dated November 12, 1973.

"6. Due to the fact that Flora C. Sophos Towry was domiciled and residing in the State of Mississippi she was not present in Allegheny County to approve or disapprove the sales agreement, therefore, Helen Castleforte telephoned her and informed her of the terms of the proposed agreement of sale and obtained from Flora C. Sophos Towry her consent. She requested that Flora C. Sophos indicate her approval of the sale by a telegram.

"7. That the following day a telegram was sent to and received by the real estate broker indicating the approval of the offer as contained in the agreement of sale.

"8. That on November 16, 1973 Harry C. Sophos died.

"9. That subsequent to the death of Harry C. Sophos, Flora C. Sophos Towry along with her husband executed the agreement of sale.

"10. That the property was eventually sold with half of the proceeds going to Flora C. Sophos Towry and the balance remaining for disposition in accordance with the ultimate Adjudication in this lawsuit."

The exceptions were dismissed and the decree made final by the court en banc and this appeal followed. The question involved is whether the execution of the agreement of sale by the decedent, Harry C. Sophos, and later joined in by the other parties severed the unities required by a joint tenancy converting the estate into a tenancy in common so that it was held "per my et non per tout" and not "per tout et per my",

Appellants' position is that since the property was held as a joint tenancy with the right of survivorship and not as a tenancy in common that the death of the decedent resulted in the termination of his interest in the premises and therefore the appellant and her husband possessed the sole interest in the proceeds of the sale as the surviving owner and her spouse.

■ A joint tenancy with the right of survivorship is created by the co-existence of four unities which are: unity of interest; unity of title; unity of time; and unity of possession. There is no question concerning the nature of the original tenancy in this case as all four unities existed. See *Summary of Pennsylvania Jurisprudence, Real Property,* Vol. II, page 248.

■ A joint tenancy in real estate with the right of survivorship, unlike a tenancy by entireties, is severable by the act, voluntary or involuntary, of either of the parties. *Angier et al. v. Worrell,* 346 Pa. 450, 31 A.2d 87 (1943). Upon this occurrence the realty becomes a tenancy in common. 2 *Blackstone, Commentaries* 185.

The issue in the instant case is whether the execution of the sales agreement by the decedent was sufficient to terminate the joint tenancy resulting in the decedent's estate having a one-half interest in the proceeds of the sale.

■ ■ As we have noted, if any of the unities is destroyed by the action of one of the joint tenants, the joint tenancy becomes a tenancy in common. This seems to have occurred in this case. However, the facts of the instant case are complicated since the court below found as a fact that the Towrys' interest in the premises had also been subject to the sale. So appellants argue that no destruction of any of the four unities occurred with the result that the joint tenancy remained intact. The problem with this approach is that it fails to recognize the fact of the execution of the sales contract. The moment an agreement of sale is executed and delivered it vests equitable title to the realty in the purchaser. The sellers are then relegated to the position of trustees of the real estate, holding the bare legal title for the purchasers who become trustees for the balance of the purchase money for the sellers. *Kerr et al. v. Day,* 14 Pa. 112 (1850). Although legal title remains with the sellers

until the deed is executed, the equitable interest passes to the purchasers and the sellers' interest becomes personal property even though legal title remains as security for its payment. *Foster v. Harris,* 10 Pa. 457 (1849); *Spratt v. Greenfield,* 279 Pa. 437, 124 A. 126 (1924).

The action of the parties, therefore, destroyed the joint tenancy since neither joint tenant possessed the equitable interest in it. The passage of equitable title by the execution of an agreement of sale by either or both parties destroyed the unity of title required by joint tenancy. As the learned chancellor said in his adjudication:

"When Harry C. Sophos died on November 16, 1973 he was the owner of a one-half undivided interest in the subject property. The tenancy was per my et non per tout and there was not attached to the tenancy a jus accrescendi. Hence his interest in the subject property passed in accordance with the terms of his last will and testament and did not automatically go to his sister, Flora C. Sophos Towry. For the reasons set forth herein we will enter the following Decree Nisi."

Appellants rely on the case of *Sheridan v. Lucey,* 395 Pa. 306, 149 A.2d 444 (1959), in support of their proposition that the joint tenancy was not extinguished. In that case one of the joint owners of real estate held as a joint tenancy petitioned the court for a partition of the real estate so held. Before the court could enter judgment on the matter, the petitioner died. The court held the mere institution of the action to partition did not destroy the joint tenancy. The court reasoned in that case that the petitioner could have withdrawn his action of partition at any time before judgment was entered and that therefore the joint tenancy would only have been destroyed when the court entered judgment on the case. *Sheridan* is dissimilar to our case in that the petitioner there did not place himself in an irrevocable position regarding the tenancy. As stated by the court in that case,

the petitioner could have changed his mind about the severance at any time prior to judgment thus saving the joint tenancy. Unlike the situation in *Sheridan* both joint tenants in the instant case placed themselves in an irrevocable position so far as the joint tenancy was concerned by executing the sales agreement since the sales agreement was a legally binding contract which passed equitable title to the purchasers. At that point they had placed themselves in a position from which they could not retreat. As such we hold that the joint tenancy was severed at the time of the execution of the sales agreement and that the court below was correct in awarding one-half of the proceeds of the sale to the decedent's estate.

Decree affirmed.

HOFFMAN, J., files a concurring opinion in which SPAETH, J., joins.

HOFFMAN, Judge (concurring);

I concur in the Majority's result, but reach my conclusion by a different process of reasoning.

The Majority holds that the execution of a sales contract by all joint tenants destroys unity of title because the equitable interest in the real property passes to the purchasers. I believe that this reasoning confuses equitable conversion with the destruction of the unities underlying a joint tenancy. While a sales contract does diminish the control held by all joint tenants over a parcel of land, it does not destroy unity of title as between the joint tenants. Each joint tenant still has an undivided equal interest in the property.

I do agree that the contract of sale worked a severance of the joint tenancy in this case. By entering into the sales contract, the joint tenants presumably manifested an intent to liquidate their interest in the premises and

462

to divide in half the proceeds received from the sale. Because thè sale was in fact consummated, I would honor this presumed intent. I do not intimate any opinion as to the proper result in case a recission or default had ultimately occurred.

SPAETH, J., joins in this concurring opinion.