451 A.2d 687

**Albert P. VARGAS, Appellant,**

v.

**R.K. BRINTON and Lula P. Brinton, his wife.**

**Albert P. VARGAS**

v.

**R.K. BRINTON and Lula P. Brinton, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1981.

Filed Oct. 1, 1982.

358

Walter K. Swartzkopf, Harrisburg, for Vargas, appellant in No. 141 and appellee in No. 142.

David C. Eaton, Harrisburg, for Brinton, appellants in No. 142 and appellees in No. 141.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

Albert P. Vargas, appellant, brought an action to partition land owned by him and R.K. Brinton and Lula P. Brinton, appellees. The lower court granted the petition and partitioned Vargas' portion of the property, a ⅙ share. Exceptions were filed which were subsequently denied. This appeal followed in which Vargas claims that he owned a ¼ share in the property and that the trial court improperly limited the partition to a ⅙ portion. The Brintons filed a cross-appeal in which they contend that no partition should have been permitted.

Vargas attacks the lower court's determination on two grounds. First, he claims that the trial court improperly applied the parol evidence rule. Second, he asserts that the trial court improperly determined his fractional interest in the property. Vargas states also that the trial court's decision to partition the property was proper. We agree that the Vargas' share in the property is a ¼ interest and reverse that part of the lower court's order awarding him a ⅙ share. We affirm the order granting partition.

The facts out of which this dispute arises are as follows. Albert Vargas and his wife, Irene Vargas, acquired title to a farm in Saville Township, Perry County, Pennsylvania, in 1939. On April 27, 1946, the Vargases conveyed to the Brintons an undivided ½ interest in the farm.[1] In 1959, the

1. The agreement executed in 1946 provided for an equal sharing of profits and expenses between the Vargases and the Brintons. It also

other undivided ½ interest was conveyed to a straw man, Charles Kugler, Esquire. In 1959, a deed was entered in which the interests of the parties were described in the following manner:

CHARLES W. KUGLER and MARGARET K. KUGLER, his wife, of the Borough of Bloomfield, Perry County, Pennsylvania, GRANTORS

AND

ALBERT P. VARGAS AND IRENE VARGAS, his wife, of the city of Harrisburg, Dauphin County, Pennsylvania and R.K. BRINTON and LULU P. BRINTON, his wife, of Saville Township, Perry County, Pennsylvania, as joint tenants with right of survivorship and not as tenants in common.

In 1975, Irene Vargas died and Albert Vargas, feeling no need for use of the property, brought an action to partition it.

■■■ A joint tenancy[2] with right of survivorship may be severed by a tenant if any of the four "unities" necessary for the existence of such a tenancy is destroyed.[3] *Estate of Kotz,* 486 Pa. 444, 406 A.2d 524 (1979); *In Re Laredon's Estate,* 439 Pa. 535, 266 A.2d 763 (1970); *Sheridan v. Lucey,* 395 Pa. 306, 149 A.2d 444 (1959); *Starger v. Epler,* 382 Pa. 411, 115 A.2d 197 (1955); *Simpson's Lesee v. Ammons,* 1 Binn. 175 (1806); *Davidson's Lessee v. Heydon,* 2 Yeates 459

provided that the Vargases could occupy a bedroom in the farmhouse where the Brintons lived, whenever they chose to do so.

It is noted also that these transactions were the probable consequence of the fact that R.K. Brinton was Irene Vargas' son by a former marriage.

2. There is no contention by either party that a joint tenancy with right of survivorship was not created by the language in the 1959 deed.

3. The four "unities" of ownership are:

The interests of joint tenants are equal. They own the half or the whole, per my et per tout. There is a unity of interest, title, time, and possession.

*Cochrane's Estate,* 342 Pa. 108, 111, 20 A.2d 305, 307 (1941).

(1799).   A partition action which is taken to judgment is sufficient to sever a joint tenancy with right of survivorship. *Sheridan,* supra.

The Brintons do not contest the right to sever by partition in general, however, they do contend that an oral agreement existed between the parties which effectively limited the right to partition or that by implication the partition limitation existed.   Vargas contends that any evidence of any such an agreement should not be admitted because of the statute of frauds and the parol evidence rule and that no such limitation should be implied.   Initially, we note that an agreement limiting the right to partition may be express or "implied from the circumstances in which the property is acquired or is held." *Shoup v. Shoup,* 469 Pa. 165, 171 n. 9, 364 A.2d 1319, 1323 n. 9 (1976).   It is clear that there was no express agreement regarding partition in the 1959 deed.[4]

The trial court, relied upon a decision from the Court of Common Pleas of Montgomery County, *Duffy v. Duffy,* 81 D & C 366 (1951).[5]   The *Duffy,* supra, court held that parol evidence was admissible to prove the existence of an agreement to limit partition because the deed in which the conveyance was recorded contained no reference to whether the joint tenants intended the residence to remain a family home until only one of the joint tenants was living.   The court admitted the evidence to establish the true relationship of the persons on one side of a contract.   Vargas argues that *Duffy,* supra, should not apply herein.

In *American Bank and Trust Company v. Lied,* 487 Pa. 333, 340, 409 A.2d 377, 381 (1979), our Supreme Court said:

4.  Vargas does not argue on appeal that the evidence should have been excluded because of the statute of frauds. *Warden v. Zanella,* 283 Pa.Super. 137, 423 A.2d 1026 (1980).   We, therefore, will not address any possible statute of frauds contention.   Pa.R.A.P. 301.

5.  *Duffy,* supra, is cited as the law of Pennsylvania in *Contractual Provisions as Affecting Right to Judicial Partition,* 37 A.L.R. 962. The appeals court of Massachusetts has also relied favorably on the analysis presented in *Duffy,* supra. *Alexander v. Snell,* 12 Mass. App. 323, 424 N.E.2d 262 (1981).

The usual formulation of the parol evidence rule forbids the introduction of parol evidence of antecedent or contemporary agreements, negotiations and understandings of the contracting parties for the purpose of varying or contradicting the terms of a contract which both parties intended to represent the definite and complete statement of their agreement. Corbin on Contracts, § 573; *Boyd Estate,* 394 Pa. 225, 146 A.2d 816 (1958).

■ In considering the evidence offered in the instant case, it is clear that it was properly admitted. The contract was silent as to any limitation on partition. Certainly, there is a right to partition. See infra. We cannot hold, however, that the existence of such a right when not specifically stated in a document representing the contract for the sale of real estate, such as the one found herein, presents our court with a fully integrated document for parol evidence rule purposes with regard to the issue of partition. Clearly the right to partition exists, however, so does the right to limit partition, see infra. Thus, the evidence of an oral agreement to limit partition does not vary or contradict the writing. It cannot because the writing was silent on the subject. Cf: *Cilvik Estate,* 439 Pa. 522, 267 A.2d 836 (1970). The evidence was properly admitted. We are not satisfied, however, as the trial court was not, that the evidence of a limitation on partition admitted at trial was sufficient for the court to conclude that such a limitation existed.

■ The trial court correctly described the facts presented in the case and properly concluded, when it said:

It is clear from both the testimony and the deed that the survivor was to acquire the farm. This, however, is a standard conclusion on all joint tenancies with rights of survivorship. The fact that the Law operates to vest title in a survivor when property is held as such does nothing to assist the Court in determining the question of whether an agreement not to partition existed. The survivorship wording is, of course, consistent with an agreement not to partition, but not conclusive evidence of such an agreement. We find no writing on its face sufficient to pre-

clude partition and if such an agreement not to partition existed, it must have been either oral or implied. The Court can recall nothing in the testimony to indicate that any of the parties actually said to one another that none of them would partition or sell or do anything to adversely affect the desire of all parties to eventually vest title in the surviving joint tenant.

The Brintons argue also that a limitation on partition was created by implication. *Shoup,* supra. The record is replete with evidence that the Vargases and the Brintons used the property for many years. There is evidence that they intended that the survivor of the four individuals should eventually own the property. There is, however, no evidence indicating any agreement by implication that the property would not be partitioned.

■ Finally, Vargas argues that the trial court after granting his petition to partition should have awarded him a ¼ interest in the property rather than a ⅙ interest. He asserts that the deed established that the two couples would own the property as joint tenants with right of survivorship. Thus, he contends each couple represented a separate entity owning ¼ of the property and that as one person died by way of tenancy by the entireties the spouse inherited his or her share. We agree. The Vargases owned ¼ of the property as tenants by the entireties and the Brintons owned ½ of the property as tenants by the entireties. When Irene Vargas, his wife, died Mr. Vargas inherited her share in the property making him owner of ¼ thereof.

In *Edel v. Edel,* 283 Pa.Super. 551, 424 A.2d 946, footnote 5, this court commented, "It is also instructive to note that whenever property has been conveyed to a married couple and to a third party, the tendency in Pennsylvania has been to find 'that the one-half interest of the married couple, *although held by the entireties as between themselves,* [is] held in common in relation to the interest of' the third party." We clearly recognized in *Edel* that the interest of husband and wife as between themselves is of a different nature than is their interest vis a vis the other property owners.

It is axiomatic that the death of a tenant by the entireties results in ownership by the surviving spouse of the interest held by the deceased and that spouse.

This principle was illustrated in *Margarite v. Ewald,* 252 Pa.Super. 244, 381 A.2d 480 (1977), in which there had been a conveyance to a husband and wife and a third party. We determined that the interest held by husband and wife was owned by them as a tenancy by the entireties. They owned a one-half interest in the property and we held that upon the death of the first spouse, the survivor became the sole owner of the entireties interest. See also n. 4, 252 Pa.Super. at 249, 381 A.2d at 483.

The same result is in order in the present case. To find that the death of a spouse results in the surviving spouse owning less than the share owned by the couple by tenants by the entireties, would render such tenancies meaningless.

Therefore, the order of the lower court is reversed insofar as it awards only a ⅙ interest to Mr. Vargas and he is instead awarded a ¼ interest.