481 A.2d 1215

Elizabeth Ann ALLISON, The Executrix of the Estate of
Harold N. Allison, Deceased, Appellant,

v.

Robert O. POWELL and Mary Jane Powell.

Superior Court of Pennsylvania.

Argued March 13, 1984.

Filed Sept. 21, 1984.

William R. Keen, Jr., Coatesville, for appellant.

Andrea L. Bowman, Paoli, for appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Does a pending action to partition real estate owned by joint tenants with right of survivorship survive the death of the joint tenant at whose instance the action was com-

menced? The trial court held that the action did not survive and entered judgment on the pleadings in favor of the surviving joint tenant and against the executrix of the deceased joint tenant. We affirm.

Harold N. Allison and Robert O. and Mary Jane Powell, husband and wife, owned title to real estate in Chester County as joint tenants with right of survivorship.[1] On July 31, 1981, Harold Allison filed a complaint in equity seeking to obtain partition of the real estate. The complaint was not served on Mr. and Mrs. Powell until March 9, 1982. Meanwhile, on January 10, 1982, Harold Allison had died. Powells' answer to the complaint contained an averment that Allison had died and that title had passed to the Powells by right of survivorship. Allison's executrix was substituted as a party plaintiff for the decedent and filed a Reply containing New Matter in which she alleged an agreement "that the defendants would pay Twenty Thousand ($20,000.00) Dollars in cash to the plaintiff" for Allison's interest in the real estate. As evidence thereof, she attached a copy of a letter sent by Allison's attorney to Powells' attorney as follows:

November 4, 1981

Frank L. White, Jr., Esquire
Duane, Morris and Heckscher
45 Darby Road
Paoli, Pa., 19301
    Re: Mr. and Mrs. Robert O. Powell
Dear Mr. White:

My client will accept the $20,000.00 cash to sign off the property. This would mean that all costs of transfer would have to be borne by your client.

He is pressing me to bring the matter to a rapid conclusion and I would appreciate hearing from you as soon as possible what the time frame the Powells would need to get the money.

Sincerely,
William R. Keen, Jr.

---

1. The undivided one-half interest of Robert O. and Mary Jane Powell was held by the entireties.

The trial court sustained a motion for judgment on the pleadings and dismissed the complaint. On appeal, Allison's executrix argues that the commencement of the action for partition, together with the decedent's alleged agreement to sell his interest, manifested an irrevocable determination by the parties to sever the joint tenancy.

A joint tenancy in real estate with right of survivorship is created by the co-existence of the four unities of interest, title, time and possession. *Sheridan v. Lucey,* 395 Pa. 306, 307, 149 A.2d 444, 445 (1959); *Yannopoulos v. Sophos,* 243 Pa.Super. 454, 459, 365 A.2d 1312, 1314 (1976). A joint tenancy in real estate with right of survivorship is severable by the act, voluntary or involuntary, of either of the parties. *Angier v. Worrell,* 346 Pa. 450, 452, 31 A.2d 87, 88 (1943). When this occurs, the tenancy becomes one in common. *Yannopoulos v. Sophos, supra,* 243 Pa.Super. at 459, 365 A.2d at 1314. Although the joint tenancy may be severed by a joint tenant's act which destroys one of the four unities, "that act must be of sufficient manifestation that the actor is unable to retreat from the position of creating a severance of the joint tenancy." *Sheridan v. Lucey, supra,* 395 Pa. at 309, 149 A.2d at 446. Accord: *Yannopoulos v. Sophos, supra,* 243 Pa.Super. at 461, 365 A.2d at 1315. The commencement of a partition action is alone insufficient to sever a joint tenancy, because the plaintiff-joint tenant can always retreat from his demand for partition so long as a final judgment has not been entered. *Sheridan v. Lucey, supra.* It follows that in the event a joint tenant dies during the pendency of the action to partition, title to the jointly owned real estate passes by right of survivorship to the surviving joint tenant. *Id.*

In *Yannopoulos v. Sophos, supra,* this Court held that a valid and enforceable agreement to sell the real estate by both joint tenants was sufficient to sever the joint tenancy. In such case, the Court said, the agreement was effective to pass equitable title to the real estate to the purchaser. Because the parties had placed themselves in a position from which they could not retreat, the Court said, the joint

tenancy was severed upon execution of the sales agreement. *Id.*, 243 Pa.Superior Ct. at 461, 365 A.2d at 1315.

■ In the case sub judice, it is readily apparent that no enforceable agreement of sale existed between Allison and the Powells. Counsel's letter of November 4, 1981 evidenced not an agreement but only continuing negotiations between the attorneys for the parties. Moreover, even if we were somehow to conclude that terms and conditions of sale had been agreed upon, it is patently clear that failure to comply with the statute of frauds[2] rendered the agreement unenforceable. Not only were the terms of the sale not defined, but neither the real estate to be sold nor the grantor was identified in counsel's letter. See: *American Leasing v. Morrison Co.*, 308 Pa.Super. 318, 322, 454 A.2d 555, 557 (1982); *Williams v. Stewart*, 194 Pa.Super. 601, 607, 168 A.2d 769, 771 (1961). The purported agreement was not signed by the grantor-seller, and there is no suggestion that the seller's attorney was duly authorized in writing to execute a written agreement on his client's behalf. See: *Charles v. Henry*, 460 Pa. 673, 677, 334 A.2d 289, 291 (1975). The trial court properly concluded, therefore, that the parties had not executed an enforceable agreement. *Polka v. May*, 383 Pa. 80, 118 A.2d 154 (1955); *Weir v. Rahon*, 279 Pa.Super. 508, 512, 421 A.2d 315, 317 (1980). Without an enforceable agreement, the parties had not placed themselves in a position from which they could not retreat. Equitable title had not passed from Allison during his lifetime; and the four unities of the joint tenancy remained undisturbed. See: *Gerlock v. Gabel*, 380 Pa. 471, 476, 112 A.2d 78, 81 (1955). See also: 1 Ladner on Conveyancing in Pennsylvania § 2:08 (rev. 4th ed. 1979). It is apparent from the pleadings, therefore, that Allison had not divested himself of his interest in the real estate prior to his death.

■ Because appellant's decedent had not divested himself of his interest in the real estate prior to death, his

2. Act of March 21, 1772, 1 Sm.L. 389 § 1, 33 P.S. § 1.

interest passed upon death by right of survivorship to the surviving joint tenant. The joint tenancy had not been severed, and the right of survivorship was not defeated by the pendency of the action in partition.

The order entering judgment on the pleadings is affirmed.

CAVANAUGH, J., files a concurring statement.

CAVANAUGH, Judge, concurring:

I concur with the majority opinion as I feel compelled to follow the authority of *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444 (1959). *See also, Cobb v. Gilmer*, 365 F.2d 931 (D.C.Cir.1966) and *Vargos v. Brinton*, 305 Pa.Super. 357, 451 A.2d 687 (1982) which held that a partition action *taken to judgment* is sufficient to sever a joint tenancy with right of survivorship. Nevertheless, the law appears to result in an injustice as one who commences a partition proceeding unequivocally manifests an intent to terminate the relationship of joint tenancy with the right of survivorship. If he dies before the decree in partition is entered, he has not retreated from his intention to terminate the relationship. It is only the event of his death prior to the final decree, and not that the petitioner has changed his mind, that prevents the severance. In a tenancy by the entireties situation, which is in effect a joint tenancy between a husband and wife, if a spouse brings an action in equity against the other spouse who has violated the terms of the entireties agreement by improperly using entireties property, this terminates the relationship. As noted in *Stemniski v. Stemniski*, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961):

A violation of the rules by one spouse's appropriating the property to his own use works a revocation of the estate by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the other spouse starts suit; the property is then fit for accounting and division.

This seems to place the party wishing to terminate an entireties relationship in a far better position than one in

54

the ordinary joint tenancy.  I see no basis in law or reason that this should be.