609 A.2d 553

**GENERAL CREDIT COMPANY, Appellant,**

v.

**Frederick L. CLECK, Clair K. Lauver, and McVeytown Limited Partnership, Appellees.**

Superior Court of Pennsylvania.

Argued March 11, 1992.

Filed May 19, 1992.

Scott A. Petri, Richboro, for appellant.

Samuel L. Andes, Lemoyne, for appellees.

Before POPOVICH, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

Without benefit of a trial court opinion, we are asked to assess several factual and legal findings by the trial judge regarding a mortgage executed by one joint tenant on property held with another joint tenant with right of survivorship. In response to a petition for declaratory judgment by the non-mortgagor joint tenant Clair Lauver (Lauver), the trial court ordered that the mortgage was null and void. The mortgagee, General Credit Company (General Credit), appeals. We reverse.

The trial court's brief account of the facts appears at page 57 of the trial transcript. After reviewing the record, we glean the following facts to be undisputed. This case began with the purchase of a piece of real estate known as the McVeytown Property, situated in Mifflin County, Pennsylvania, by Frederick L. Cleck (Cleck) and Lauver in February 1989. They took by deed as joint tenants with right of

survivorship. General Credit, a limited partnership engaged in the business of providing loans to developers of Farmer's Home Administration (FHA) projects, provided the funds necessary for Cleck and Lauver to purchase the McVeytown Property. In October 1989, Cleck signed a promissory note for $60,000.00 from General Credit. Cleck intended to use the loan to meet the operating expenses and job requirements of his FHA construction company, T.R. Construction, Inc. Lauver had no interest in Cleck's construction company and apparently would not benefit from the FHA loan. As collateral for the loan, Cleck executed a mortgage for $60,000.00 in favor of General Credit on the McVeytown Property.

General Credit had previous dealings with both Cleck and Lauver. Furthermore, a credit report received less than one month prior to execution of the mortgage indicated that General Credit had notice of the joint tenancy held by Cleck and Lauver on the McVeytown Property. The deed into Cleck and Lauver at Deed Book 0346, page 0390, in the Office of the Recorder of Deeds of Mifflin County also served as notice that Cleck and Lauver held the McVeytown Property as joint tenants with right of survivorship. Despite this notice, General Credit agreed to accept the promissory note and mortgage executed by Cleck alone, relying on a statement in the mortgage regarding Cleck's interest in the property: "Ownership: You are the sole owner of the Premises. You have the legal right to mortgage it to us." Complaint in Law at No. 109–91, Exhibit C—Mortgage between General Credit and Frederick L. Cleck.

Two months after Cleck executed the mortgage on the McVeytown Property, he and Lauver conveyed the property to McVeytown Limited Partnership, of which Cleck and Lauver were general partners. General Credit then filed suit against Cleck, Lauver and McVeytown Limited Partnership under the Uniform Fraudulent Conveyance Act, seeking a reconveyance of the McVeytown Property to Cleck and Lauver. General Credit claimed Cleck and Lauver conveyed the property in fraud of creditors and without

adequate consideration. Lauver filed a petition for declaratory judgment, requesting the mortgage be declared null and void as he had no knowledge of the transaction between Cleck and General Credit and did not consent to the mortgage as a lien on his interest in the McVeytown Property. General Credit filed an answer and new matter. The same day Lauver filed his answer to the new matter, a bench trial was held before the Honorable Francis A. Searer. Transcript of September 24, 1991. Judge Searer entered his order one month later, declaring the note and mortgage for $60,000.00 null and void. Order of October 30, 1991. General Credit filed post-trial motions for relief, which the trial court denied. Declining to write an opinion in this case, Judge Searer stated that he had adequately explained his reasons when rendering his decision. Order of December 20, 1991. While those reasons appear nowhere in the record, their absence does not hamper our review.

As a result of Judge Searer's order, General Credit is left with no collateral securing the $60,000.00 it extended to Cleck. On appeal, General Credit claims the mortgage is a valid lien against Cleck's one-half interest in the McVeytown Property. Moreover, claims General Credit, the declaration of the mortgage as null and void acts as an unjust enrichment to Cleck and Lauver. General Credit requests a reversal and a remand for a determination of the following factual and legal issues presented for our review:

1. Whether the trial judge erred in failing to find as a fact that Lauver and Cleck acquired the McVeytown Property as joint tenants with right of survivorship and not as tenants in common?

2. Whether the trial judge erred in failing to find as a fact that Lauver knew that Cleck had pledged the McVeytown Property as collateral for the $60,000.00 loan from General Credit?

3. Whether the trial judge erred in failing to find as a matter of law that the mortgage was a valid lien against the McVeytown Property at the time the mortgage was recorded?

4. Whether the trial judge erred in failing to find as a matter of law that one tenant may pledge real property as security for a loan without the other tenant's consent?

5. Whether the trial judge erred in failing to find as a matter of law that a joint tenant who pledges real property as security for a loan, by the Joint Tenant's Act, severs the joint tenancy creating a tenancy in common?

6. Whether the trial judge erred in failing to find as a matter of law that Lauver is barred by the doctrine of laches from contesting the validity of the mortgage lien having first contested the validity of the mortgage nearly a year and a half after the recording of the mortgage against the McVeytown Property?

7. Whether the trial judge erred in failing to find as a fact and a matter of law that Lauver consented, by his silence, to the pledging of the McVeytown Property as collateral for the loan from General Credit?

Appellant's brief at pp. 3–9. We will address the issues above *in seriatim*. Initially, we dispose of issue one as meritless because neither party questioned that Cleck and Lauver took the McVeytown Property by deed as joint tenants with right of survivorship. Because this was not a disputed fact, a finding by the trial court was not necessary.

Issue number two concerns whether Lauver, the non-mortgagor joint tenant, knew about the mortgage Cleck entered into with General Credit. We find no merit to this challenge. There exists ample evidence in the record to support the trial court's finding that Lauver was not aware of the September 1989 mortgage Cleck alone executed with General Credit. The testimony of both Cleck and Mr. Sunday, a business partner and employee of Cleck's, clearly suggests that Lauver had no knowledge of the mortgage in question. Transcript of September 24, 1991, at pp. 20, 24–25, 45–46. The trial court, as fact finder, may choose to believe part or all of the testimony presented. We find no abuse of its discretion in believing the fact pattern suggesting Lauver was without knowledge of the mortgage.

Issue number three presents dual questions for our consideration: 1) Does a mortgage executed by one joint tenant on property held in joint tenancy with right of survivorship sever the joint tenancy? and 2) To what interest does a mortgage executed by one joint tenant on his undivided one-half interest in property held in joint tenancy with right of survivorship attach, only the undivided one-half interest or the whole?

Lauver argues that Cleck's mortgage to General Credit severed the joint tenancy and created a tenancy in common. Consequently, because Cleck acted without Lauver's knowledge or consent, the mortgage lien is null and void as to Lauver's interest. General Credit agrees that the mortgage severed the joint tenancy and created a tenancy in common. However, General Credit contends that the mortgage was, nonetheless, a valid lien against Cleck's interest, which lien Cleck and Lauver sought to avoid by fraudulently conveying the property to McVeytown Limited Partnership.

According to the record, Cleck and Lauver were clearly joint tenants with right of survivorship before the mortgage; therefore, the law of joint tenancy governs our decision, not the law of tenancy in common or tenancy by the entireties.[1]

▪ The essence of a joint tenancy created in this Commonwealth is the four unities: interest, title, time and possession. *Allison v. Powell*, 333 Pa.Super. 48, 481 A.2d 1215 (1984). Furthermore, specific intent of survivorship is required to create a joint tenancy, otherwise the interest is presumed to be a tenancy in common. *Margarite v. Ewald*, 252 Pa.Super. 244, 381 A.2d 480 (1977). These requirements were satisfied as evidenced by the deed into Cleck

---

1. Lauver relies on the cases of *Caveny v. Curtis*, 257 Pa. 575, 101 A. 853 (1917) and *Lichtenfels v. Bridgeview Coal Co.*, 344 Pa.Super. 257, 496 A.2d 782 (1985), as controlling this case. We disagree because *Caveny* and *Lichtenfels* concerned property held by tenants in common, not joint tenants with right of survivorship. If Cleck and Lauver were ever tenants in common, they would have been only after the mortgage, assuming the mortgage severed the joint tenancy.

and Lauver, dated February 6, 1989. Complaint at 109–91, Exhibit A (Deed at Book 0346 Page 0390).

 Each joint tenant holds an undivided share of the whole estate. *American Oil Co. v. Falconer*, 136 Pa.Super. 598, 8 A.2d 418 (1939). The survivorship characteristic of a joint tenancy precludes a joint tenant from disposing of his interest by will. *Hoffert v. Bastian*, 54 Pa. D. & C. 146 (1945). During his lifetime, however, a joint tenant may convey his interest to a third party, or he may have the joint tenancy property partitioned, or his interest may be seized and sold by his creditors in execution. Ladner, *Conveyancing in Pennsylvania*, § 1.06 at p. 11–12 (Bisel, 4th ed. 1979).

 A joint tenancy is severed when one or more of the four unities is destroyed. *Riccelli v. Forcinito*, 407 Pa.Super. 629, 595 A.2d 1322 (1991). A joint tenancy in realty with right of survivorship is severable by the act, voluntary or involuntary, of either of the parties. *Sheridan v. Lucey*, 395 Pa. 306, 149 A.2d 444 (1959). For example, where both joint tenants executed an agreement of sale, their joint tenancy with right of survivorship was destroyed. *Yannopoulos v. Sophos*, 243 Pa.Super. 454, 365 A.2d 1312 (1976). Likewise, where property is sold upon execution of a judgment against one of the joint tenants, an involuntary severance of the joint tenancy results. *In re Estate of Larendon*, 439 Pa. 535, 266 A.2d 763 (1970). In the context of realty, an act must be a sufficient manifestation of an intent to sever the joint tenancy that the actor is unable to retreat from the position of creating a severance of the joint tenancy. *See, Allison v. Powell*, 333 Pa.Super. 48, 481 A.2d 1215 (1984) (petition to partition joint tenancy, without more, is not sufficient act to sever tenancy because petitioner can withdraw before severance occurs).

 With regard to mortgages effectuating a severance, we note that Pennsylvania subscribes to the lien theory of mortgages, i.e., a mortgage does not transfer title to the mortgagee; rather, it constitutes a lien on the mortgagor's

interest, thereby securing the mortgagee's loan. *In re City of Philadelphia,* 360 Pa. 589, 63 A.2d 42 (1949). In essence, a mortgage is a conveyance that acts only as security for the debt incurred. Ladner, *Conveyancing,* § 12.08 at p. 12. Depending on how many joint tenants execute a mortgage, two positions have developed in the law of this Commonwealth regarding severance. First, the Pennsylvania Supreme Court has held that the action of both joint tenants in executing a mortgage for the purchase price of property jointly held did not destroy any of the four unities necessary for a joint tenancy with right of survivorship; consequently, the joint tenancy was not severed. *Estate of Kotz,* 486 Pa. 444, 406 A.2d 524 (1979). Second, where fewer than all of the joint tenants executed a mortgage on the joint tenancy property, the mortgage did effectuate a severance of the joint tenancy. *Simpson v. Ammons,* 1 Binn. 175 (Pa.1806).[2]

■ This case involves a fact pattern similar to the *Simpson* case, a mortgage by *one* of two joint tenants. In light of the *Simpson* holding, we agree with the parties that the mortgage in this case effectuated a severance of the joint tenancy held by Cleck and Lauver.

■ Having found that Cleck's mortgage to General Credit did sever the joint tenancy, we turn now to the validity of the mortgage in relation to the respective interests of the joint-tenants-turned-tenants-in-common. On this

**2.** The *Simpson* court addressed two questions very similar to those presented herein: 1) Whether the mortgage by two of three joint tenants severed the joint tenancy? and 2) Would the assignees of the mortgage be entitled to collect on the debt secured by the mortgage? Counsel for the joint tenant argued that, pursuant to the lien theory, no severance occurred because no title was passed via the mortgage. The court made no reference to this argument in deciding that the mortgage by two of the three joint tenants severed the tenancy. Rather, "the court [was] of the opinion that the mortgage was a severance of the jointtenancy [sic]. The interest of Baynton and Morgan passed by it, but the interest of Wharton was not effected." *Simpson,* 1 Binn. at 177. As to satisfaction of the mortgage, the court held that the assignee was entitled to recover only ⅔ of the whole interest because Wharton's interest did not vest in the mortgagee by means of the mortgage.

issue, we disagree with the trial court, again following the lead of the *Simpson* case. The *Simpson* court allowed the mortgagee's assignee to pursue satisfaction of the mortgage; this suggests to us that the mortgage was deemed to be valid. The court limited satisfaction to the interests of the two joint tenants who joined in the mortgage. The interest of the non-mortgagor joint tenant was not available as security. Applying *Simpson* to the facts at hand, Cleck's encumbrance of his interest in the McVeytown Property did not also encumber Lauver's interest. The practical result of our decision is that General Credit must seek satisfaction of its lien from that portion of the McVeytown property which belonged to Cleck when the mortgage was executed.

Issue four is disposed of in accordance with our holding that the mortgage created a valid lien against Cleck's interest in the McVeytown Property.

Issue five is disposed of in accordance with our holding that the mortgage effectuated a severance of the joint tenancy.

Issue six has been waived. While General Credit raised the issue of laches in its motion for post-trial relief, it did not raise laches in the initial pleadings or during the trial phase. "[A] matter not raised in the trial court will not be considered on appeal.... To preserve an issue for appellate review, an appellant must make a timely objection at the appropriate stage of the proceedings before the trial court and must specifically raise the issue in post-trial motions." *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 583, 574 A.2d 1084, 1093 (1990).

Issue seven is disposed of as meritless given our conclusion that the trial court did not abuse its discretion in finding that Lauver had no knowledge of the challenged mortgage. Lauver's silence was the product of his lack of knowledge. We are hard pressed to agree that such silence amounts to actionable consent.

Order reversed. Jurisdiction relinquished.