Thomas H. McARTHUR, Sole Heir and Sole Legatee of the Estate of Lucetta G. McArthur, Deceased, Petitioner,

v.

## DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1996.

Decided April 12, 1996.

---

Richard L. Colden, Jr., for Petitioner.

Cynthia A. Fillman, Assistant Counsel, for Respondent.

Before DOYLE and SMITH (P.), JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Thomas H. McArthur appeals from an order of the Department of Public Welfare, Office of Hearings and Appeals (DPW), which affirmed the decision of the Delaware County Assistance Office (CAO) discontinu-ing Medical Assistance (MA) benefits to his sister, Lucetta G. McArthur.

On March 26, 1993, Thomas applied for MA benefits for Nursing Home Care (NHC) on behalf of his sister, Lucetta. On April 19, 1993, the CAO authorized NHC benefits for Lucetta retroactive to March 1, 1993. Thereafter, Thomas and Lucetta sold real estate located in Drexel Hill which they had owned as joint tenants with right of survivor-ship since 1987. On May 17, 1994, Thomas reported to CAO the proceeds of the sale, $50,667.26.

CAO notified Lucetta on September 9, 1994 that it proposed to discontinue her NHC benefits effective October 2, 1994 be-cause her resource eligibility exceeded the MA limits. CAO's decision was predicated upon its determination that Lucetta, as co-owner of the Drexel Hill property, was enti-tled to one half of the proceeds from the sale.

In response, Thomas and Lucetta filed a timely appeal with the Office of Hearings and Appeals which, following a hearing on No-vember 11, 1994, denied the appeal. On May 30, 1995, Lucetta died. Thereafter, the Di-rector of the Office of Hearings and Appeals affirmed the decision of the hearing officer. This appeal followed.

The sole issue on appeal is whether one-half of the proceeds from the sale of the Drexel Hill property was an available re-source to Lucetta and, thus, was a proper basis for the CAO's discontinuance of her MA benefits.

■ MA benefits are available to an appli-cant or recipient only if his or her total available resources do not exceed the applica-ble MA resource limit for his or her particu-lar MA program. 55 Pa.Code §§ 178.1(a), 178.4(a). In the instant case, the applicable resource limit is $2,400.00. *See* 55 Pa.Code § 178.1(a) Appendix A. Resources include "[r]eal or personal property which a person has or can make available for partial or total support, including equitable interests and partial interests." 55 Pa.Code § 178.2. In determining whether a resource is available for purposes of the MA resource limit, all resources are counted unless specifically ex-

cluded by the regulations. 55 Pa.Code § 178.1(b).

■ A real property resource, in which ownership is shared by a recipient and a non-recipient, is presumed available if the recipient has "a separate legal interest which can be disposed of without the consent of the other owners." 55 Pa.Code § 178.4(e)(3). However, "[i]f consent to dispose of resources is needed but withheld by a nonapplicant/nonrecipient, assume that the resource is not available." 55 Pa.Code § 178.4(e)(5).

■ In the instant case, Thomas and Lucetta held the Drexel Hill property as joint tenants with right of survivorship. It is well established that a joint tenancy in real estate with the right of survivorship, unlike a tenancy by the entireties, is severable by the action, *voluntary* or involuntary, of either of the tenants. *Yannopoulos v. Sophos,* 243 Pa.Superior Ct. 454, 365 A.2d 1312 (1976). Lucetta's interest in the property, therefore, is a resource as defined by 55 Pa.Code § 178. Moreover, this resource is presumed available pursuant to 55 Pa.Code § 178.4(e)(3) because, as a joint tenant, she did not need Thomas' consent to alienate her interest.

■ Nevertheless, Thomas argues that he is entitled to all of the proceeds from the sale of the Drexel Hill realty because he paid the mortgage, taxes and all related expenses of the premises. For this reason, he argues, the proceeds were not an available resource. We must disagree.

■ In a joint tenancy, each party holds an undivided share of the whole estate. *General Credit Co. v. Cleck,* 415 Pa.Superior Ct. 338, 609 A.2d 553 (1992). Upon severance of the joint tenancy (by, for example, voluntary alienation), the realty becomes a tenancy in common and, as such, each tenant is entitled to a one-half interest in the sale proceeds. *Id.*

Applying these principles to the instant case, we find that because of the nature of the interest held by a joint tenant, it is of no consequence that Thomas allegedly paid all of the maintenance expenses for the Drexel Hill property. Rather, the issue is whether Lucetta had surrendered her rights in the Drexel Hill property prior to the sale. As there is no evidence of record that she had in fact relinquished her interest, she was entitled to one-half of the sale proceeds.

Moreover, 55 Pa.Code § 178.1(i) provides that "[i]f a[ ] ... recipient ... sells a resource, *whether excluded or nonexcluded,* the newly acquired cash ... is a resource and is subject to the appropriate resource criteria for continuing eligibility." (Emphasis added.) Thus, even assuming, *arguendo,* that the Drexel Hill property was not an available resource to Lucetta, the property was still undeniably a resource, and, thus, under Section 178.1(i), the money received from the sale must have been considered in determining whether her resources exceeded the MA limit.

Accordingly, we hold that the hearing officer's determination that Lucetta's available resources exceeded MA limits was supported by substantial evidence.

Order affirmed.

### ORDER

NOW, April 12, 1996, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, Office of Hearings and Appeals in the above-captioned case is hereby affirmed.