J-A02028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY M. WOLF & CHARLES E. WOLF, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 438 WDA 2021 |
| SARAH E. NEARING, NOW BY MARRIAGE SARAH E. COY | : | |

Appeal from the Order Entered March 12, 2021
In the Court of Common Pleas of Elk County
Civil Division at 2020-529

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED: JANUARY 21, 2022**

Mary M. Wolf (Wolf) & Charles E. Wolf (Charles), husband and wife (collectively, Appellants), appeal from the trial court's order sustaining preliminary objections in the nature of a demurrer filed by Sarah E. Nearing, now by marriage Sarah E. Coy (Coy), and dismissing Appellants' complaint for partition of real property.  We affirm.

On January 2, 2001, James M. Nearing and Elizabeth A. Nearing (the Nearings) conveyed by deed certain real property situated in Wilcox, Jones Township, Elk County, Pennsylvania (the Wilcox property).  Complaint, 7/16/21, ¶ 3; **see also id.**, Exhibit A (Elk County DBV 417, page 13) (the

_____

* Retired Senior Judge assigned to the Superior Court.

2001 deed). The Nearings conveyed the Wilcox property to their daughters, Wolf and Coy, as joint tenants with right of survivorship. *Id.* ¶ 3.

After the transfer of the Wilcox property, Wolf married Charles. *Id.* ¶ 4. On May 22, 2020, Wolf executed a deed (the 2020 deed) conveying her one-half (1/2) interest in the Wilcox property to herself and Charles as tenants in common. *See* Elk County Document #2020-001341. On July 13, 2020, Appellants filed a complaint for partition of the Wilcox property. Appellants claimed that the 2020 deed severed the joint tenancy of Wolf and Coy, resulting in Coy, Wolf and Charles holding title as tenants in common. *Id.* ¶ 7. According to the complaint, Coy refused to reimburse Appellants for her one-half (1/2) share of the maintenance costs of the Wilcox property. *Id.* ¶ 9. Further, Coy refused to partition the Wilcox property or execute a listing agreement to facilitate its sale. *Id.* Appellants therefore requested partition of the Wilcox property, and Coy's reimbursement of one-half of Appellants' maintenance expenditures. *Id.* ¶ 10.

Coy filed preliminary objections demurring to the complaint. Coy averred the joint tenancy created by the 2001 deed cannot be destroyed without the agreement of all joint tenants. Preliminary Objections, 8/17/20, ¶ 7. Coy asserted the complaint fails as a matter of law because Appellants failed to establish that the original joint tenants agreed to partition. *Id.* ¶¶ 8-9.

In its March 12, 2021 opinion, the trial court concluded neither the 2020 deed nor the partition action severed Wolf's joint tenancy with Coy. Trial Court Opinion, 3/12/21, at 4.[1] The trial court further opined the joint tenancy "cannot be vitiated without the agreement" of both Wolf and Coy. *Id.* at 5. Consequently, the court sustained Coy's preliminary objections and dismissed Appellants' complaint. Trial Court Order, 3/12/21.

Appellants filed this timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court filed a Rule 1925(a) opinion, in which it noted the death of Wolf, although "no suggestion of death has been filed nor does the record . . . otherwise refer to her death." Trial Court Opinion, 6/14/21, at 1.

Appellants present the following issues for our review:

I. Whether the trial court committed an error of law and/or abused its discretion in ruling that the deed from … [Wolf] to [Wolf] and Charles [], wife and husband[,] did not sever the joint tenancy with the right of survivorship as between [Wolf] and [Coy]?

II. Whether the trial court committed an error of law and/or abused its discretion in ruling that joint tenancy with right of survivorship was not severed by the deed of conveyance from [Wolf] to [Wolf] and Charles [], especially considering that the mere filing of an action in partition does not sever a joint tenancy and the action in partition would to have been completed prior to the death of [Wolf]?

III. Whether the trial court committed an error of law and/or abused its discretion in ruling that [Appellants'] complaint be

---

[1] The pages are unnumbered; for ease of discussion, we reference each page as though numbered.

dismissed where a deed of transfer occurred prior to the filing of the action for partition and [prior] to the death of [Wolf]?

IV. Whether the trial court committed an error of law and/or abused its discretion by granting [Coy's] preliminary objections and dismissing [Appellants'] complaint, effectively eliminating any legal remedy for [Appellants]?

Appellants' Brief at 4 (most capitalization omitted).

As our Supreme Court has explained,

[o]ur standard of review in [an] appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

*Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (citations omitted).

Although Appellants present four issues in their statement of questions involved, the argument section of their brief addresses the claims together. *See* Appellants' Brief at 10 (acknowledging Appellants "address all four (4) issues under one section of their argument" because the issues are "interrelated"). Accordingly, we address Appellants' issues together.

Appellants challenge the trial court's conclusion that the 2020 deed did not sever the joint tenancy created by the 2001 deed. *Id.* at 11. Quoting *Allison v. Powell*, 481 A.2d 1215 (Pa. Super. 1984), Appellants argue the conveyance from Wolf — to Wolf and Charles — severed the joint tenancy. Appellants' Brief at 12. Appellants assert Coy's failure to agree to severance

- 4 -

"is of no legal import." **Id.** at 13. As further support, Appellants rely on **Gen. Credit Co. v. Cleck**, 609 A.2d 553 (Pa. Super. 1992), which held the execution of a mortgage by a joint tenant was sufficient to sever a joint tenancy with the right of survivorship. Appellants' Brief at 13. Appellants claim that, by conveying the property from one joint tenant to that joint tenant and her husband, "severance of the joint tenancy is completed, and the parties then hold title to the property as tenants in common." **Id.** at 14. Thus, Appellants argue Coy's permission was not necessary to sever the joint tenancy. **Id.**

Coy counters that Wolf conveyed the Wilcox property to herself and her husband because Wolf had been diagnosed with a terminal illness. Coy's Brief at 2.[2] Coy relies upon our Supreme Court's decision in **Sheridan v. Lucey**, 149 A.2d 444 (Pa. 1959), as holding initiation of a partition action is not sufficient to abrogate the interest of a joint tenant with survivorship rights. Coy's Brief at 4. Coy additionally states that in **Allison**, **supra**, this Court concluded a partition action did not sever a joint tenancy. **Id.** at 5. We agree.

This Court has explained,

> [t]he essence of a joint tenancy created in this Commonwealth is the four unities: interest, title, time and possession. Furthermore, specific intent of survivorship is required to create a joint tenancy, otherwise the interest is presumed to be a tenancy in common.

---

[2] The pages in Coy's brief are unnumbered; we reference each page as though numbered.

Each joint tenant holds an undivided share of the whole estate. . . . During h[er] lifetime, however, a joint tenant may convey h[er] interest to a third party, or [s]he may have the joint tenancy property partitioned, or h[er] interest may be seized and sold by h[er] creditors in execution.

*Cleck*, 609 A.2d at 556 (citations omitted). Thus,

[a] joint tenancy . . . is severable by the act, voluntary or involuntary, of either of the parties. When this occurs, the tenancy becomes one in common. Although the joint tenancy may be severed by a joint tenant's act which destroys one of the four unities, **that act must be of sufficient manifestation that the actor is unable to retreat from the position of creating a severance of the joint tenancy**.

*Allison*, 481 A.2d at 1217 (emphasis added, citation omitted). "Although a voluntary act on the part of one of the joint tenants is adequate to work a severance, that act must be of sufficient manifestation that the actor is unable to retreat from h[er] position of creating a severance of the joint tenancy." *Sheridan*, 149 A.2d at 446.

Here, the trial court concluded Appellants' 2020 deed did not destroy the unity of title created by the 2001 deed. Trial Court Opinion, 3/12/21, at 4. As the trial court explained, Wolf "did not convey her interest just to a third party, but rather conveyed that interest to herself and her husband[.]" *Id.* Thus, "[t]he retention of an interest in the subject property by [] Wolf militates against severance of the survivorship tenancy." *Id.* We agree.

Our review confirms the conveyance effected by the 2020 deed was not "of sufficient manifestation that the actor is unable to retreat from [her] position of creating a severance of the joint tenancy." *Sheridan*, 149 A.2d at

- 6 -

446. Specifically, the 2020 deed resulted in no divestiture of Wolf's interest in the Wilcox property. Under the 2020 deed, Wolf retained her undivided one-half interest in the Wilcox property, although purportedly as a tenant in common with Charles. Consequently, the 2020 deed failed to extinguish Wolf and Coy's joint tenancy. **See** Trial Court Opinion, 3/12/21, at 4; **see also Estate of Quick**, 905 A.2d 471 (Pa. 2003) (to sever a joint tenancy, a joint tenant's voluntary act "must be of sufficient manifestation that the actor is unable to retreat from his position of creating a severance of the joint tenancy.").

We further conclude Appellants' present partition action failed to sever the joint tenancy. In **Allison**, this Court recognized:

> The commencement of a partition action is alone insufficient to sever a joint tenancy, because the plaintiff-joint tenant can always retreat from his demand for partition so long as a final judgment has not been entered. It follows that in the event a joint tenant dies during the pendency of the action to partition, title to the jointly owned real estate passes by right of survivorship to the surviving joint tenant.

**Allison**, 481 A.2d at 1217 (citations omitted). Applying **Allison**, Appellants' partition action failed to sever Wolf's joint tenancy with Coy. **See id.**; **cf. Vargas v. Brinton**, 451 A.2d 687, 688 (Pa. Super. 1982) (recognizing a partition action taken to judgment is sufficient to sever a joint tenancy).

Discerning no error, we affirm the trial court's order sustaining Coy's preliminary objections and dismissing Appellants' complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2022